BREAUX, C. J.
Plaintiff, who was administrator pro tempore of his insane brother, br.ought this suit on January 1, 1905, for a judgment decreeing a sale made by him of two tracts of land null and void; the lands of which he became the owner by transfer to him made by Donat Breaux personally on the 10th of September, 1885. About a month thereafter the purchaser, the said Prosper Breaux, whom plaintiff alleges was insane, sold the land to Ovignae Broussard for $600.
It remained the property of this Broussard for about 10 years, and he sold it to Leopold Levy on the 4th day of February, 1895; and Levy sold it to Robert and Charles Dugas on the 12th day of January, 1905.
The petition and citation in this suit were served on Leopold Levy and wife on the 7th day of February, 1905. The papers were served on the other defendants; Charles and Robert Dugas and Ovignae Broussard, a few days before.
Leopold Levy, one of the defendants, appeared in the suit and pleaded the prescription of 10 years as a bar to plaintiff’s rights.
Plaintiff charges that the first purchaser, Ovignae Broussard, was aware, at the time of his purchase, of the insanity of Prosper Breaux, his vendor, and was also aware that he had been interdicted; that he was estopped from denying this alleged fact.
With reference to the asserted interdiction of Prosper Breaux, now insane and confined in a lunatic asylum, it appears that in the year 1877, on the petition of a brother of Prosper Breaux, the judge of the district court issued an order directing the sheriff to take him to the asylum at Jackson. And again in the year 1898 a similar order was issued on the petition of another brother; that is, the petition of Donat Breaux, the plaintiff. This order was issued on the certificate of a physician. And again another similar order was issued in August, 1899.
The physician on whose certificate this order was issued states in the certificate that:
“It is the third time, and that he should not be let free, because his spells are strikingly recurring.”
Donat Breaux was appointed his administrator pro tempore on the 25th day of January, 1905.
The judge of the district court filed written reasons for judgment and rendered judgment sustaining the plea of 10 years’ prescription.
Plaintiff on appeal urges that 10 years had not elapsed at the date of service on Levy and wife.
*218 We have the following to state on the subject:
Prescription is acquired on the last day of the term. A claim subject to prescription of one year, which began to run on the 31st day of December of the year, is barred by prescription on the 31st day of December of the year succeeding, at midnight.
It follows that a claim subject to the prescription of 10 years, which begins to run, as in this case, on the 6th day of February, 1895, is complete, and prescription is acquired, on the 7th day of February,. 1905.
The point of departure of the prescription here was the 6th day of February, 1895, and prescription had accrued on the 7th day of February, 1905.
The law provides that the prescription is to be counted by days, and not by hours. It is acquired on the last day of the term, at midnight, as it runs from midnight to midnight.
From the foregoing, the inevitable conclusion must be that plaintiff’s claim is prescribed, unless it has been suspended.
The interruption of prescription by service came too late by one day. When the suit was brought and the petition filed there was no legal impediment to the service. The petition was filed a number of weeks before the service was made. It was plaintiff’s ill luck that it did not reach its destination in time, or was not served in time at the domicile of Levy. There is no ground for holding that he is to be relieved from a delay for which no one accounts.
We set aside for the time being the question of suspension of the prescription, and take up the issue of good faith for a moment. There is no reasonable ground to infer that the purchaser, Levy, was in bad faith, whatever may be said of his author, who bought the land over 10 years before his sale to Levy. We must say as to this author that there is no direct evidence before us of bad faith. There is no reason to infer bad faith. It devolves upon him who alleges bad faith-to prove it. Good faith is presumed. Oiv. Code, art. 3481.
Plaintiff’s contention is that his brother, in whose behalf he sues, is an interdict since-the year 1877, and that in consequence it was. not possible to buy his land; that there was a suspension of prescription thereafter.
We have not found papers of record showing that he is an interdict. There are three-different judgments pronouncing him insane, and directing the sheriff of the parish to take-him to the state asylum. This is not a legal interdiction. . See Hennen, verbo “Interdict.” He never was cited in the manner required, nor was judgment ever obtained and made-public as directed by the articles of the Code upon the subject.
If he was notoriously insane and not interdicted, it might have had some legal bearing if it had been shown that the buyer had full knowledge of the fact. There is nothing of the kind before us. The frauds and wrongs-charged are not substantiated by testimony.
We do not find it possible to hold that plaintiff is entitled to relief. We are constrained to affirm the decree.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is, affirmed.