## CLARKE CO., LTD., v. BOURGEOIS & DUVIGNEAUD

---

(November 29, 1926. Opinion and Decree.)
(January 3, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Mechanics' Privileges—Par. 23.**

Under Act 229 of 1916 claims for work done, or materials furnished, must be recorded in the mortgage office within forty-five days from the completion of the work or the delivery of material, in order to create a privilege upon the building or a personal claim against the owner.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by J. J. Clarke Company, Ltd., against M. Bourgeois and Jos. G. Duvigneaud.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

F. & T. Williams, of New Orleans, attorneys for plaintiff, appellant.

Roger Meunier, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff, a furnisher of materials, sues the contractor and owner.

The petition alleges that plaintiff sold and delivered to M. Bourgeois, a contractor, certain building materials, from time to time, beginning September 6, 1922, and ending October 9, 1922, amounting in the aggregate to $435.00; that the materials so sold were actually used by the said Bourgeois in the construction of a building owned by Joseph G. Duvigneau; that on November 24, 1922, a lien was inscribed in the mortgage office against the property and a copy of the said lien, together with an attested account, was served on Duvigneau, the owner, and Bourgeois, the contractor. Judgment is asked against the owner and contractor.

The contractor made no defense and a judgment by default was entered against him. The owner filed an exception of no cause of action and a plea of prescription. The plea of prescription was maintained on the face of the papers and plaintiff's suit dismissed. The exception of no cause of action was not disposed of below.

Plaintiff has appealed and defendant, Duvigneau, has answered, asking that the exception of no cause of action be also maintained.

We believe the plea of prescription was properly maintained. The date of the last delivery of material by plaintiff as set forth in his petition was October 9, 1922. The alleged date of recording the lien in the mortgage office was November 24, 1922, or on the forty-sixth day thereafter. The law (Sec. 2, Act 229 of 1916) requires the recordation to be made within forty-five days. Hodgson vs. Roth, 33 La. Ann. 945; Breaux vs. Broussard, 116 La. 215, 40 South. 639; Robinson Slagle Lbr. Co. vs. Rudy, 156 La. 178, 100 South. 296.

The forty-five days begins to run in the case of the furnisher of materials from the date of the last delivery. Gleisner vs. Hughes, 153 La. 153, 95 South. 529. In J. J. Clarke Co., Ltd., vs. A. J. Petivan et al., No. 9257 Orl. App., a case in which the present plaintiff was also plaintiff, we con-

sidered this question at length and reviewed the authorities. We can .add nothing to what we said there.

The judgment appealed from is affirmed.