FRUGE, Judge.
Suit was filed on November 30, 1959 by Harry Delahoussaye against Domingues Chevrolet, Inc. as the seller and General Motors, Inc. as the manufacturer alleging defendants were indebted unto him for the sum of $4,205.09 plus judicial interest on the basis that a vehicle purchased by him on December 10, 1957 was so defective that it was useless for the purpose intended or for which it was purchased. At the time the suit was filed the automobile had approximately 24,000 miles, and had recently been repaired as a result of its having been involved in an accident resulting in damages to the front fenders, hood and motor of the vehicle. All defendants filed exceptions of no cause or right of action and a plea of prescription. A hearing on the exception was held and the trial court sustained the plea of prescription and refrained from deciding the exceptions of no cause or right of action on the ground that there was no need to do so as plaintiff’s suit had prescribed prior to the filing of suit. Plaintiff -^as now taken a devolutive appeal to this court.
We believe that the trial judge correctly stated the pertinent facts and the law when be sustained defendant’s plea of prescrip-therefore we adopt his reasons as our own. jn his JUDGMENT ON EXCEPTIONS, the trial judge stated:
“This is a suit to rescind the sale of an automobile made to plaintiff, Harry Delahoussaye, by the defendant Do-mingues Chevrolet, Inc., of Lafayette, Louisiana, and in which suit General Motors Corporation of Detroit, Michigan, is joined as a defendant. Plaintiff alleges that the automobile in question was purchased by him on December 10, 1957, same being a new 1958 4-door Chevrolet sedan; that the vehicle is defective to the extent that it is entirely worthless for the purposes intended and for which it was purchased. There are no allegations of specific defects, but plaintiff further alleges that he has repeatedly allowed defendant Domingues Chevrolet, Inc., to remedy the defects. The suit was filed on November 30, 1959, and both defendants have filed exceptions of prescription of one year and of no right or cause of action. In view of the conclusion which the Court has drawn as to the plea of prescription of one year, it is not necessary to decide the questions raised by the exceptions of no right or cause of action.
“The defendant placed the plaintiff, Harry Delahoussaye, on the stand under cross examination and established beyond question that the automobile began giving plaintiff trouble almost immediately after it was bought. In fact, plaintiff himself introduced in evidence letter from the defendant, General Motors Corporation, dated April 17, 1958, in reply to a letter addressed to that corporation, outlining the difficulty he had experienced with his automobile. Notwithstanding this *358 knowledge of the defects, plaintiff permitted many months to elapse before filing this suit. It is specifically provided in Article 2534 of the [LSA-] Louisiana Revised Civil Code as follows: ‘The redhibitory action must be instituted within a year, at the farther-est, commencing from the date of the sale. This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case, the prescription remains suspended during his absence.’
“The cases under this and other articles of the Civil Code dealing with the redhibitory action are legion. It is clear from the jurisprudence that even if the seller knew of the defect in the thing sold and did not declare it to the purchaser, the prescription of one year begins to run from the moment that the defect or vice in the thing sold is first discovered by the buyer. Consequently, even assuming, which does not appear to be the case, that Domingues Chevrolet, Inc., had knowledge of these defects in this new automobile at the time of the sale, plaintiff’s action for the rescission of the sale would have prescribed one year from the date that the mechanical defect was discovered by him, certainly it would have prescribed by April 17, 1959.
“The Court is most sympathetic to plaintiff, Harry Delahoussaye, as in this day of mass production the quality of merchandise, particularly that of a mechanical nature, had greatly deteriorated, and it is not infrequent that automobiles are sold containing some latent, non-apparent defect sufficient to constitute cause for redhibition. The law, however, is clear that plaintiff must act within a reasonable time, must tender the thing back to the seller in an effort to restore the status quo of the parties, in order to avail himself of this action.
“IT IS ORDERED, ADJUDGED, AND DECREED that there be and there is judgment hereby rendered in this matter in favor of the defendants, Domingues Chevrolet, Inc., and General Motors Corporation, Inc., maintaining the pleas of prescription of one year filed by them and dismissing the suit of plaintiff, Harry Delahoussaye, at his costs.”
Plaintiff contends that prescription was interrupted under the jurisprudence which holds that if a vendor has knowledge of a defect and attempts to remedy it, then prescription will begin to run only from the time vendor abandons the attempt to repair defect; see Woodward-Wight & Co. v. Engel Land and Lumber, 123 La. 1093, 49 So. 719; A. Baldwin Sales Co. v. Mitchell, 174 La. 1098, 142 So. 700, 23 Tulane Law Review 129. Plaintiff further contends that defendants knew of defects in plaintiff’s automobile and had attempted to remedy them, that the last time the automobile was worked on by defendant was January 1959, that plaintiff filed suit on November 30, 1959, and that therefore the suit was filed well within the prescriptive period of one year.
A plaintiff seeking to rebut a plea of prescription has burden of proving interruption or suspension of prescription, and thus it is incumbent upon the party relying upon interruption or suspension of prescription to establish facts on which interruption or suspension is founded. See Breaux v. Broussard, 116 La. 215, 40 So. 639; Lowentritt v. Posey, 5 La.App. 449; Erwin v. Lee Lumber Co., 163 La. 191, 111 So. 673; Cook v. Crow, La.App., 194 So. 455; Mayer v. Ford, La.App., 12 So.2d 618; Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437; Kreppein v. Demarest, La.App., 120 So.2d 301.
Plaintiff testified that his car was in a wreck one month after he purchased it and he further testified that the last date that the car was worked on was January of *359 1959; i. e. within the prescriptive year. Plaintiff’s testimony does not sufficiently carry the burden placed upon him. At no place does he clearly indicate that the last repairs made upon the automobile by defendant resulted from the rehibitory defects present in the automobile at the time of the sale, rather than those defects which might have arisen after the sale and which were of a non-rehibitory nature — or were defects that were caused by the subsequent wreck.
Prescription is one of the modes provided by law for the extinguishment of obligations or the discharge of debts. LSA-Civil Code Arts. 2130, 3457, 3459, and 3528. While it is true that prescription must be specially pleaded, it is also true that prescription is a well-recognized plea and must be enforced whenever it is legally presented. De Bouchel v. Koss Const. Co., Inc., 180 La. 615, 157 So. 270.
For the reasons herein assigned, the judgment of the trial court is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.