198 So.2d 463 (1967)
Robert P. FOSTER, Plaintiff-Appellant,
v.
Mela Mae Durand McLAIN et al., Defendants-Appellees.
No. 1985.
Court of Appeal of Louisiana, Third Circuit.
April 26, 1967.
*464 Voltz & Voltz, by Gus Voltz, Jr., Alexandria, for plaintiff-Appellant.
B. Dexter Ryland and Donald Garrett, Alexandria, Brumfield, Turner & Cooper, by Robert S. Cooper, Jr., Franklin & Keogh, by Joseph F. Keogh, Baton Rouge, Downs & Gremillion, by Field V. Gremillion, Alexandria, for defendants-appellees.
Before SAVOY, FRUGE and HOOD, JJ.
HOOD, Judge.
On March 5, 1963, Dr. Robert P. Foster instituted this suit for damages against Mrs. Mela Mae Durand McLain, and the law firm of Brumfield, Turner and Cooper (and the individual members of that law firm). On December 31, 1965, plaintiff amended his petition to include as additional defendants the law firm of Downs & Gremillion (and the individual members of that firm). The last named defendants filed an exception of prescription of one year, and after a hearing, judgment was rendered by the trial court maintaining that exception and dismissing the suit as to those defendants. Plaintiff has appealed.
The sole issue presented on this appeal is whether the trial judge erred in maintaining the exception of prescription filed by Downs & Gremillion, and in dismissing the suit as to them.
In the original petition filed herein, plaintiff alleged that during the year 1962 Mrs. McLain instituted three separate damage suits against him or his insurer, and that she was represented in all of said suits by the law firm of Brumfield, Turner and Cooper. He further averred that in each such suit Mrs. McLain and her attorneys falsely and maliciously alleged that Dr. Foster had performed an operation on Mrs. McLain and that he had left a foreign substance described as a "sponge" in the area of the operation. He alleged that one of those suits was voluntarily dismissed by the plaintiff on August 14, 1962, that the second was dismissed by judgment of the U. S. District Court for the Western District of Louisiana on January 23, 1963, and that the third suit was voluntarily dismissed by plaintiff on December 7, 1962.
In the supplemental and amended petition which plaintiff filed on December 31, 1965, two articles were added to the original petition, which additional articles are designated as Articles "2-A" and "8-A," and they read as follows:
"2-A. That Downs & Gremillion, a law partnership composed of Crawford H. Downs and Field V. Gremillion, partners and the said Crawford H. Downs and Field V. Gremillion, both residents of Rapides Parish, Louisiana, are also made defendants herein."
"8-A. That in both of the above described suits the law firm of Downs & Gremillion also represented the plaintiffs in said suits and was associated with the law firm of Brumfield, Turner and Cooper in representing the plaintiffs."
In Articles 9 through 13 of the original petition Dr. Foster alleged that in the three suits which had been filed against him or his insurer, the "defendants" made the *465 above described libelous allegations, that "said allegations were made by the said defendants maliciously, knowing the same to be false and with wanton disregard of the truth," and that "the said defendants, without probable cause, made false, unfounded and malicious insinuations to the effect that your petitioner (Dr. Foster) was not a skilled and competent surgeon." In the original petition the word "defendants" referred only to Mrs. McLain and members of the Brumfield firm. After the petition was amended, however, the word "defendants" as used in Articles 9 through 13 must be considered as referring to the defendants, Downs & Gremillion, as well as to the other defendants.
After this suit was filed, and prior to the time Downs & Gremillion were made defendants, the depositions of plaintiff, of one of the defendants, Robert S. Cooper, Jr., and of Dr. Bruce Ivy, Jr., were filed in the record, without opposition. Also, there was incorporated into the record, without opposition, copies of the petitions in the three suits which Mrs. McLain instituted against Dr. Foster or his insurer, which petitions contain the allegations which plaintiff contends are libelous.
In the exception of prescription of one year which was filed by Downs & Gremillion, the exceptors allege that one of the suits filed by Mrs. McLain was dismissed on August 14, 1962, that the other was dismissed on January 23, 1963, and that these defendants, Downs & Gremillion, were not made parties to the suit until more than one year after the voluntary dismissal of both of said suits. They contend that plaintiff's action is barred as against them by prescription of one year, under the provisions of LSA-C.C. art. 3536. As we have already shown, judgment was rendered by the trial court maintaining that exception, and the present appeal was taken from that judgment.
We find no explanation in the record why plaintiff refers to "both" suits in Article 8-A of the petition, and why Downs & Gremillion refer to only two suits in their exception, when the record shows that three suits were filed. We, however, find this discrepancy to be immaterial to the issues presented here.
LSA-C.C. art. 3536 provides that actions "for injurious words, whether verbal or written," are prescribed by one year. In this instance, the three alleged libelous petitions were filed during the year 1962, and all of them have been dismissed, the last such suit having been dismissed on January 23, 1963. The amended petition naming Downs & Gremillion as additional defendants was not filed until December 31, 1965, which was more than one year after the alleged libelous petitions had been dismissed. Plaintiff's right to maintain an action for damages against Downs & Gremillion for libelous allegations in these suits, therefore, is barred by prescription of one year, under LSA-C.C. art. 3536, unless the running of prescription against such a claim has been interrupted or suspended.
Plaintiff apparently concedes that the prescription of one year provided by that article of the Civil Code would be applicable here, but he contends that the running of that prescription was interrupted by the filing of the instant suit against Mrs. McLain and her attorneys, Brumfield, Turner and Cooper, who he contends are liable in solido with Downs & Germillion for the debt. As we have already pointed out, the instant suit was filed on March 5, 1963, which was within the one year prescription period provided by the above cited article of the Civil Code.
Article 2097 of the Civil Code provides that a suit brought against one of the debtors in solido interrupts prescription with regard to all. Article 3552 provides that a citation served on one debtor in solido interrupts the running of the prescription with regard to all others. And, we held in Franks v. City of Alexandria, 128 So.2d 310 (La.App.3d Cir. 1961), that the timely filing of suit against one defendant interrupts prescription against other defendants *466 who are liable in solido with the first one for the debt and who are later named as defendants in the suit.
The burden is upon the defendant who files a plea of prescription to present sufficient evidence to substantiate that plea. Ludlam v. International Paper Company, 139 So.2d 67 (La.App.2d Cir. 1962). When he shows the lawful commencement of that prescription and the expiration of the time required to make it perfect, however, then the burden of showing that the running of that prescription has been interrupted shifts to plaintiff who seeks to benefit by that interruption. Kreppein v. Demarest, 120 So.2d 301 (La.App.Orl. Cir. 1960, Cert. denied); Vance v. Ellerbe, 150 La. 388, 90 So. 735 (1922); Delahoussaye v. Domingues Chevrolet, Inc., 137 So.2d 356 (La.App.3d Cir. 1962, Cert. denied); Lay v. Garriga, 19 So.2d 665 (La.App.2d Cir. 1944); Jelsch v. Laurich, 187 So. 819 (La.App.2d Cir. 1939); Stamper v. Arkansas Louisiana Gas Company, 187 So.2d 134 (La.App.2d Cir. 1966, Writ refused).
In the instant suit, Downs & Gremillion have shown the lawful commencement of the prescription which they plead and the expiration of the term required to make it perfect. The burden is on plaintiff, therefore, to show that the running of prescription has been interrupted. To do that, plaintiff must show not only that the original suit against Mrs. McLain and the Brumfield firm was timely filed, but also that Downs & Gremillion are liable in solido with at least one of the original defendants.
All of the evidence which was incorporated in the record without objection, including copies of the petitions in the three suits filed by Mrs. McLain and the three above mentioned depositions, may be considered in determining the issues which are presented by this exception of prescription. Breaux v. Pan American Petroleum Corporation, 163 So.2d 406 (La. App.3d Cir. 1964, Writ refused); Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960); Upshaw v. Great American Indemnity Company, 112 So.2d 125 (La.App.2d Cir. 1959); Rheuark v. Terminal Mud and Chemical Co., 213 La. 732, 35 So.2d 592 (1948).
The deposition of Robert S. Cooper, Jr., a member of the Brumfield firm and one of the original defendants in this suit, was taken on August 11, 1965. Mr. Cooper testified that the case was referred to the Brumfield firm by Downs & Gremillion, with the understanding that the latter were to receive a portion of the fee which was paid by Mrs. McLain. He further testified that in referring the case, Downs & Gremillion wrote a letter to the Brumfield firm stating some facts about it. His testimony as to the facts represented by Downs & Gremillion is as follows:
"That the firm represented a lady named Mela McLain. She lived near Alexandria. She was operated on in June of 1960 for a gall bladder condition; about a year later after much discomfort, the same doctor had to go back in and remove some cotton or sponge that was left in the operative site at the time of the initial operation. There are other facts which are not relative. * * *"
Mr. Cooper stated that after receiving this letter he personally contacted Mrs. McLain and obtained from her the facts and information which he needed in order to prepare the pleadings and to institute suit, and that he personally prepared the pleadings for Mrs. McLain in all three of the suits which she filed against Dr. Foster or his insurer. The evidence does not show that Downs & Gremillion, or either of the partners in that firm, participated in the drafting, framing or filing of any of the pleadings which are alleged to be libelous.
Copies of the petitions in all three of the suits which were instituted by Mrs. McLain show that in each of those suits the plaintiff was represented only by the *467 firm of Brumfield, Turner and Cooper. Downs & Gremillion were not listed as counsel for anyone in any of the pleadings which were filed in those suits. And, Dr. Foster acknowledged that he had no knowledge of the fact that the firm of Downs & Gremillion had any connection with the case until the discovery deposition of defendant Cooper was taken in August, 1965. These petitions also show that in each and every instance where Mrs. McLain alleged that the defendant, Dr. Foster, had left a foreign substance in her abdomen, she described this foreign substance as being "cotton or a sponge."
The deposition of plaintiff, Dr. Robert P. Foster, which is filed in the instant proceeding, was taken in one of the suits filed by Mrs. McLain. In that deposition Dr. Foster testified that he performed surgery on Mrs. McLain for the removal of her gall bladder on June 10, 1960. He further testified that after that operation had been performed she complained of a "highly localized" pain in the area of the scar, and because of that pain it became necessary for him to perform additional surgery on January 16, 1962, "to excise a tender nodule in the outer third of her old gall bladder incision." He testified that in performing this second operation he found and removed from the original scar a fibrous tissue nodule, approximately three-quarters of an inch in diameter, and inside of this mass there was a central nodule consisting of a "cotton suture knot." He testified that "this cotton suture and knot in its total diameter, this was tied of course as a tiny loop which is used to go through the two sides of the fascia with a little knot on topit's total diameter across would be approximately two millimeters." The significance of Dr. Foster's testimony is that he confirmed every fact relating to the surgery performed on Mrs. McLain which was stated in the letter of referral from Downs & Gremillion to the Brumfield firm.
On the evidence and the pleadings which were presented, the trial judge concluded that the exception of prescription should be maintained and that the suit should be dismissed as to Downs & Gremillion. In his reasons for judgment the trial judge stated:
"The Court does not feel that an allegation solely to the effect that attorneys were associated in a suit in representing a plaintiff is sufficient to allege a solidary obligation for a libelous statement made by other attorneys. The Court can envision a situation where two lawyers who are not partners or associates in any way, are hired by a party litigant, which is not uncommon, and one of the attorneys in arguing the case to the jury makes a libelous statement about a party. Certainly the other attorney is not solidarily obligated for such statement.
"The Court is of the opinion that the plaintiff has not alleged any solidarity between the defendants initially sued and the defendants sought to be brought in and that being the case then prescription has not been interrupted and the plea of prescription is valid and is hereby sustained."
We agree with the result reached by the trial court, although we express no opinion here as to the correctness or incorrectness of his conclusion that the plaintiff has not "alleged" any solidarity between the defendants initially sued and Downs & Gremillion. Our view is that all of the allegations in Articles 9 through 13 of the original petition now apply to Downs & Gremillion as well as to the other defendants, and thus it might be said that according to the pleadings alone solidarity between all of the defendants has been "alleged," if the petition in fact alleges a cause of action at all. The issue of whether the petition alleges a cause of action, especially as to the original defendants, is not before us at this time, and we will express no opinion on that question. We find, however, that the testimony and documentary evidence which is in the record, considered *468 with the pleadings, show that Downs & Gremillion did not participate in uttering or publishing the alleged libelous statements, and that they did not assist in preparing the petitions which contain those statements. According to plaintiff's pleadings and the facts which have been presented, the only connection which Downs & Gremillion have had with the suits filed by Mrs. McLain was that they referred the plaintiff to the Brumfield firm under an agreement that they were to receive a portion of the fee, and that in the letter of referral they represented some facts which we find to be not libelous.
Assuming that the petition states a cause of action against the parties who were named originally as defendants in this suit, we are convinced that Downs & Gremillion could not be held to be responsible in damages for making the alleged libelous allegations, because the evidence indicates that they did not participate in drafting those allegations, they did not sign or permit their names to be used on the pleadings, and they did not file any of said pleadings. We agree with the trial judge that the mere fact that an attorney has been associated with other counsel in a case, or that he has joined other counsel in representing a party to the suit, does not make him responsible in damages for libelous statements made by the other counsel, in which statements he did not join or participate. And, we believe that an attorney is not answerable in damages for libelous statements made by a party to a suit or his counsel, merely because the first mentioned attorney referred the case to the lawyer who actually participated in the litigation under an agreement to the effect that the referring attorney was to receive a portion of the fee.
As we have already stated, the burden rests on plaintiff to show that the running of prescription has been interrupted, and to do so he must show that Downs & Gremillion are solidarily liable with one of the original defendants for the debt. Since the pleadings and the evidence fail to establish any liability at all on the part of Downs & Gremillion, we conclude that plaintiff has failed to show that the last named defendants are liable in solido with the original defendants. The trial judge correctly held that the prescription of one year, provided by LSA-C.C. art. 3536, bars plaintiff from maintaining this action against Downs & Gremillion, and that the running of that prescription has not been interrupted.
Plaintiff contends further that the trial court erred in considering the question of whether the exceptors were solidarily liable with the original defendants, because in the exception of prescription which is now before us Downs & Gremillion did not "state with particularity the objections urged and the grounds thereof." In the written brief filed in this court in behalf of plaintiff it is stated that "For the exceptors to prevail they must have alleged and proved that the exceptors were not jointly and solidarily liable with the original defendants and that accordingly prescription was not interrupted by the filing of the original petition." We cannot agree with that argument. As pointed out by counsel, Article 924 of the Louisiana Code of Civil Procedure provides that the exceptor "shall state with particularity the objections urged and the grounds thereof." In this instance the exceptor specifically alleged facts showing the dates on which the prescriptive period began to run and the expiration of the time required to perfect that prescription. We think this fully satisfies the requirements of LSA-C.C.P. art. 924. The question of whether prescription has been interrupted is one which is raised by plaintiff, and the burden actually rests on plaintiff to establish that there has been such an interruption. In our opinion, LSA-C.C.P. art. 924 does not require that the exceptor, in filing an exception of prescription, must allege or prove that there *469 has been no interruption of the running of the prescription which he pleads.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.