281 So.2d 724 (1973)
Laverne PEARSON
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY and Shell Chemical, Inc.
No. 52697.
Supreme Court of Louisiana.
August 20, 1973.
*725 Gordon M. White, Darrell D. White, White & May, Baton Rouge, for plaintiff-applicant.
William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendants-respondents.
BARHAM, Justice.
Plaintiff, Laverne Pearson, was injured on August 2, 1968 while employed as a maintenance millwright at the Shell plant near Geismar, Louisiana. Plaintiff filed suit against Shell Chemical, Inc. (Shell) in tort and, in the alternative, against Hartford Accident & Indemnity Company (Hartford) as the workmen's compensation insurer of H. E. Weiss, Inc. (Weiss) on April 21, 1969, alleging that his injuries were caused by the negligence of Shell's employee, Jim Champagne, and that Shell was not plaintiff's employer, but a third party. Hartford answered admitting that plaintiff was employed as a millwright by Weiss, whom Hartford insured, that plaintiff was injured in the course and scope of his employment by Weiss, and that compensation payments had been made by Hartford to plaintiff. Shell excepted to plaintiff's suit on the ground that his exclusive remedy was in workmen's compensation; Hartford intervened in the tort claim for recovery of compensation paid.
On August 1, 1969, by supplemental and amended petition, plaintiff joined Jim Champagne as a defendant in the tort action on the ground that Champagne's negligence contributed to plaintiff's injury. Plaintiff further alleged that Champagne was possibly deceased, and if this was the case, plaintiff asked that his heirs and legatees be made parties to the action.
Plaintiff's second supplemental and amended petition filed on March 30, 1970, dismissed the claim against Shell, corrected the spelling of the name of the defendant Jim Champagne to Jim Champine, and joined the Travelers Insurance Company as a party defendant on the ground that Jim Champine was insured by Travelers for his acts of negligence and it was liable for the damages claimed by plaintiff in his other pleadings. Travelers filed a peremptory exception of the prescription of one year to plaintiff's second supplemental and amended petition, alleging that plaintiff's claim as to it had prescribed since it was not made a party defendant until March 30, 1970, whereas the alleged tort occurred on August 2, 1968. The trial court sustained the exception and dismissed plaintiff's action as to Travelers. The First Circuit Court of Appeal affirmed the lower court's decision. We granted a writ of review.
LSA-R.S. 9:5801 provides that all prescriptions against defendants sued are interrupted by the timely filing of suit in a court of competent jurisdiction. The suit against Champine interrupted prescription as to the claims against him.
By effect of law, those persons are solidary obligors who are bound to perform the same obligation, where payment by any one exonerates the rest and where the debtor may compel full performance from any one of such obligors. Civil Code Articles 2082, 2091. This is so even though the obligations of the obligors arise from separate acts or by different reasons of law. Civil Code Articles 2091, 2093. Thus, joint tortfeasors are solidary obligors. Civil Code Article 2324. So are an insured and his liability insurer, Hidalgo v. *726 Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960).
In the case at hand, Champine, if liable, is solidarily liable with his insurer, Travelers, for the tort obligation for which recovery is sought. This being so, a timely suit filed against either of these solidary obligors interrupted prescription as to both of them. Civil Code Article 2097. The timely suit against Champine interrupted prescription against his liability insurer, Travelers. The fact that Champine's name was misspelled in the first supplemental and amended petition, which was timely filed, is of no moment. Jackson v. American Employer's Insurance Company, 202 La. 23, 11 So.2d 225 (1942); Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945).
Article 3536 of the Civil Code sets forth the one year prescriptive period for actions for damages resulting from offenses. The burden of proof rests upon the party pleading prescription. Succession of Thompson, 191 La. 480, 186 So. 1 (1938).
For the purpose of passing on the exception of prescription, the Court of Appeal had, and this Court has, before it as a record for review, only the pleadings and the minutes of the court. Apparently no evidence was adduced on the plea of prescription in the trial court. Plaintiff alleged in his original and supplemental petitions facts which are sufficient on their face, if not controverted, to establish that suit against Travelers, the defendant's insurer, was timely filed. They have alleged in their several petitions that the defendant, Champine, committed acts which constitute tort liability. They allege that Travelers is the insurer of the tortfeasor. Thus, they factually allege the solidary liability of the two defendants. The plea of prescription was filed before Travelers answered and was passed upon by the trial court, at least as it appears from our record, without any controverting evidence.
Since it is patent on the face of the record that the defendant, Travelers, is solidarily liable with the defendant Champine under the facts alleged and there being no controverting evidence, the defendant's plea of prescription could not be sustained on such a record. Plaintiff is therefore entitled to present his evidence and have his case heard on the merits against Travelers and Champine. A plea of prescription may be sustained before trial but even when it fails on the preliminary hearing, it may be sustained later in the proceeding if it should be established the plea was founded on good grounds such as those alleged herefailure of solidary liability and, therefore, lack of timely institution of suit against the second defendant.
We hold that the lower court erred in sustaining the prescriptive plea filed by Travelers. We pass upon the record before us reversing both the lower court and Court of Appeal and remand for further proceedings consistent with the views here expressed. Costs of the proceedings in the Court of Appeal and in this Court are cast against Travelers. All other costs are to await final disposition of these proceedings.
MARCUS, J., dissents with reasons.
MARCUS, Justice (dissenting).
The trial court sustained the exception of prescription filed by Travelers and dismissed plaintiff's action as to Travelers. The Court of Appeal affirmed. I disagree with the majority's reversal of the decision of the Court of Appeal.
The record herein contains no transcript of the testimony taken or the proceedings had upon the trial of Travelers' exception of prescription. The exception was pleaded before answer and tried prior to trial in conformity with Article 929 of the Code of Civil Procedure. The minute entry dated September 3, 1971 indicates that: "After *727 evidence was adduced exception was sustained by the Court." There is likewise an absence of an agreed statement of facts between the parties as to the testimony adduced, and there is no narrative of facts by the trial judge. There is also no complaint by the plaintiff that the testimony and proceedings on the trial of the exception were not taken down and recorded. Nor does plaintiff complain of or account for the absence of either an agreed statement of facts between the parties or a narrative of facts by the trial judge. Plaintiff merely contends that, since Jim Champine and Travelers are solidarily liable unto plaintiff, the timely filing of the suit against Champine served to interrupt prescription against Travelers.
It is elementary that whether parties are solidarily liable depends upon the existence of facts and circumstances which give rise to a solidary obligation.
Article 3536 of the Civil Code sets forth the one-year prescriptive period for actions for damages resulting from offenses. It is well settled that, upon trial of a peremptory exception, evidence may be introduced to prove either the claim has or has not prescribed. Article 931 of the Code of Civil Procedure. Generally, the burden of proof rests upon the party pleading prescription. Succession of Thompson, 191 La. 480, 186 So. 1 (1938); Irland v. Barron, 230 So.2d 880 (La.App.1970); Foster v. McLain, 198 So.2d 463 (La.App.1967); Ludlam v. International Paper Company, 139 So.2d 67 (La.App.1962). When the person pleading prescription shows the commencement date of the appropriate prescriptive period and the expiration of the time to make it perfect, then the burden of showing that the running of that prescription has been interrupted shifts to the plaintiff who seeks the benefit of the interruption. Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437 (1951); M. H. Nahigian, Inc. v. Haddad, 205 La. 1009, 18 So.2d 598 (1944); Erwin v. Lee Lumber Co., 163 La. 191, 111 So. 673 (1927); Molliere v. Davant, 154 La. 925, 98 So. 421 (1923); Vance v. Ellerbe, 150 La. 388, 90 So. 735 (1922); Scott v. Dickson, 148 La. 967, 88 So. 235 (1921); Breaux v. Broussard, 116 La. 215, 40 So. 639 (1906); Delahoussaye v. Domingues Chevrolet Company, 137 So.2d 356 (La.App.1962); Kreppein v. Demarest, 120 So.2d 301 (La.App.1960). Furthermore, when the claim is prescribed on its face, the burden of proof that prescription has been interrupted is on the plaintiff, and the proof must be clear, specific and positive. Lake Providence Equipment Company v. Tallulah Production Credit Ass'n., 257 La. 104, 241 So.2d 506 (1970); Landry v. Guidry, 210 La. 194, 26 So.2d 695 (1946); Waterman v. Dupeire, 180 La. 320, 156 So. 405 (1934); Union National Bank v. Evans, 43 La.Ann. 372, 9 So. 44 (1891); Hunter v. Sisters of Charity of Incarnate Word, 236 So.2d 565 (La.App.1970).
There can be no question but that plaintiff's claim against Travelers has prescribed on its face. The alleged accident occurred on August 2, 1968, and the amended petition making Travelers a party defendant for the first time was not filed until March 30, 1970. Accordingly, the only way in which prescription would not have run against Travelers would have been by way of interruption. This interruption is alleged to have occurred as a result of the solidary liability of Champine and Travelers to plaintiff. However, this is a conclusion which can only be determined after a hearing where evidence may be introduced. It is well settled that a suit timely filed against one solidary obligor interrupts prescription as to the other obligor. Civil Code Articles 2082, 2091, 2093, 2097, 2324; R.S. 9:5801; Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484 (1960); Hooper v. Wilkinson, 252 So.2d 137 (La.App.1971); Saxon v. Fireman's Insurance Co. of Newark, N.J., 224 So.2d 560 (La.App.1969); Humphreys v. McComiskey, 159 So.2d 380 (La.App.1964); Ensminger v. Great Atlantic and Pacific Tea Co., 134 So.2d 686 (La.App.1961); Franks v. City of Alexandria, 128 So.2d *728 310 (La.App.1961); Hidalgo v. Dupuy, 122 So.2d 639 (La.App.1960).
The issue in this case is who had the burden of proof at the hearing on the exception. As indicated above, the law is clear that ordinarily the person who pleads prescription has the burden of proof. However, where the claim has prescribed on its face, it is incumbent upon the plaintiff to prove the interruption, which, in this case, was the solidary obligation of Travelers and Champine to the plaintiff.
If testimony was taken at the trial of this exception, it should have been recorded and included in the record on appeal. When it has not been taken down in writting, the burden is upon appellant to furnish, as part of the record on appeal, either an agreed statement of facts entered into between the parties or a narrative of facts by the trial judge. Articles 2130 and 2131 of the Code of Civil Procedure. Webre v. Heard, 207 So.2d 880 (La.App.1968).
The Court of Appeal concluded in line with the above authority that, since there were factual issues involved and the record on appeal contained neither the transcript of the testimony nor an agreed statement of facts entered into between the parties nor a narrative of facts by the trial judge, there was nothing for appellate review and, therefore, dismissed plaintiff's suit. The law is clear that this ruling was correct. Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556 (1938); Aube v. American Insurance Co., 254 So.2d 654 (La.App.1971); Edisen v. Edisen, 236 So.2d 528 (La.App. 1970); Omaha Steaks International v. Progressive Motor Hotel, 212 So.2d 558 (La.App.1968); So-Cam, Inc. v. Atkins, 189 So.2d 742 (La.App. 1966).[1]
For the foregoing reasons, I respectfully dissent from the majority opinion. It is my opinion that the Court of Appeal was correct in its ruling.
NOTES
[1] In Thaxton v. Roberson, 224 So.2d 183 (La.App.1969), the Court of Appeal did not dismiss the appeal, but set aside the judgment sustaining the plea of prescription and reset the same for trial. This appears to be contrary to the jurisprudence on this point, but perhaps the result might be justified in view of the particular facts of that case. The absence of the narrative of facts in that record was not due to the fault of the exceptor.