STOULIG, Judge.
Plaintiff, James Hall, has appealed a judgment dismissing his tort claim against Jeffrey Johnson, Jr., and his liability insurer, Hartford Insurance Company, on an exception of prescription. Plaintiff, alleging he was injured while a guest passenger when defendant’s automobile was involved in an accident on January 23, 1971, filed this suit on September 2, 1975.
In the interim, Hall, with appellee Johnson as a co-plaintiff, filed suit on April 6, 1971 alleging the accident “ * * * was caused solely by the negligence of Royce Brown * * * ”, driver of the other vehicle. (Emphasis added.) In the alternative Hall alleged the collision was caused by the “ * * * joint and solidary negligence * * * ” of Brown and his co-plaintiff Johnson. On September 3, 1974 after trial on the merits, the demands of both plaintiffs were dismissed on a finding Johnson was solely negligent. We note Johnson was not named as a defendant nor served with a citation as such, and no judicial demand for recovery was asserted against him.
C.C. art. 3536 sets a one-year time limit for filing actions for damages resulting from offenses. In this case plaintiff argues the timely filing of the first suit interrupted prescription as to the defendants named in this lawsuit. In support of this proposition he cites R.S. 9:5801:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
*310 For this interruption to occur, the defendants, joined after the prescriptive period has run, must be solidarily liable with the defendant who was timely cited and served within the one-year period. In Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724, 725-26 (La.1973), the Supreme Court observed:
“LSA-R.S. 9:5801 provides that all prescriptions against defendants sued are interrupted by the timely filing of suit in a court of competent jurisdiction. The suit against Champine interrupted prescription as to the claims against him.
“By effect of law, those persons are solidary obligors who are bound to perform the same obligation, where payment by any one exonerates the rest and where the debtor may compel full performance from any one of such obligors. Civil Code Articles 2082, 2091. This is so even though the obligations of the obligors arise from separate acts or by different reasons of law. Civil Code Articles 2091, 2093. Thus, joint tortfeasors are solidary obligors. Civil Code Article 2324. So are an insured and his liability insurer, Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960).
“In the case at hand, Champine, if liable, is solidarily liable with his insurer, Travelers, for the tort obligation for which recovery is sought. This being so, a timely suit filed against either of these solidary obligors interrupted prescription as to both of them. Civil Code Article 2097. The timely suit against Champine interrupted prescription against his liability insurer, Travelers. * * * ”
In most cases the question of prescription is resolved before trial on the merits, thus the solidary liability issue must be decided on the face of the pleadings. The court must determine whether there is soli-dary liability as a matter of law based on the facts alleged in the petition. However, in this matter, it has been judicially determined Brown was not solidarily liable with Johnson; therefore, by the time appellees were properly cited as defendants and properly served with a copy of the petition, plaintiff had lost his basis for claiming prescription had been interrupted.
The judgment in the first suit found Brown free from negligence and it became final when the time for appeal lapsed without further action.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.