SARTAIN, Judge.
Plaintiff, Marion L. Moore, filed this tort suit against defendant, Sun Oil Company, on January 3, 1975, alleging that he had been injured by the negligence of defendant on September 16, 1974. On November 19, 1975, he amended his petition to add Joseph V. Crochet, Howard Landry, and David P. Adams, Jr., as defendants. He further amended his petition on December 22, 1975, to add as defendants Royal Globe Insurance, Harbor Insurance Co. and Highlands Insurance Co. Joseph V. Crochet, Howard Landry, David P. Adams, Jr., Royal-Globe Insurance Co. and Harbor Insurance Co. filed exceptions of prescription. The trial judge granted the exceptions as to these defendants.[1] Plaintiff appealed.
All defendants except Sun Oil were joined over one year after the accident. Therefore unless prescription has been suspended or interrupted the actions as to them were properly dismissed. C.C. Art. 3536. Plaintiff argues that the filing of the action against Sun Oil interrupted prescription as to the other defendants because they are liable in solido to plaintiff. C.C. Art. 2097; R.S. 9:5801. Such an argument presupposes that Sun Oil will be held liable, since solidary liability requires a finding of liability. At this point in the proceedings we need only determine whether as a matter of law the other defendants cannot be solidarily liable with Sun Oil. Even if the exceptions are overruled at this point, they may be reasserted later if Sun Oil is found to be not liable.
The exceptions of Crochet, Landry and Adams were properly maintained. An employee and his vicariously liable employer are not solidarily liable for damages caused by the torts of the employee. Little v. State Farm Mutual Automobile Insurance Co., 177 So.2d 784 (La.App. 1st Cir. 1965). The decision in Wooten v. Wimberly, 272 So.2d 303 (La.1972), involving the vicarious liability of a father for his child’s torts, is in accord. Plaintiff argues that this jurisprudence is inapposite because he has alleged independent negligence on the part of Sun Oil. Defendants, on the other hand, assert that Sun Oil, as a corporation, can never be independently negligent since it can only act through its agents and employees. We need not decide whether or not a corporation can be guilty of independent negligence, however. We find that plaintiff’s petitions must be read as alleging only vicarious liability on the part of Sun Oil.
In paragraph C of his first amended petition, which is to be substituted for paragraph 3 of his original petition, plaintiff alleges:
“Sun Oil Company owed unto plaintiff the duty to provide him with a safe place within which to work, safe equipment with which to work, a duty not to injure him, to conduct proper and adequate safety procedures to insure the safety and well being of the plaintiff.
“The above and foregoing duties were delegated by defendant, Sun Oil Company, to David P. Adams, Jr., Howard Landry and Joseph V. Crochet.”
If Sun Oil had delegated its duties, the breach of which caused plaintiff’s injuries, to its employees, we do not believe Sun Oil can be independently negligent. Plaintiff has not alleged that Sun Oil was negligent in its selection of employees to whom these duties were delegated. We therefore agree with the trial judge that plaintiff’s action against Adams, Landry and Crochet has prescribed.
We next address ourselves to the issue of prescription as to Royal-Globe and Harbor. In plaintiff’s second amended petition he states:
“Plaintiff alleges that the defendants, Royal Globe Insurance, Harbour Insurance Company, and Highlands Insurance Company, respectively, have and had in full force and effect on the date of the accident herein mentioned, policies of insurance covering Sun Oil Company, *590 and/or TBW Offshore Welders, Inc., and/or Joseph V. Crochet, Howard Landry and David P. Adams, Jr., respectively, against such losses, damages and injuries as the subject matter herein; and said policies of insurance provide coverage for the particular accident involved herein, by virtue of said contracts of insurance, said insurance companies are liable unto petitioner for all damages and injuries sustained and claimed herein under the laws of this state and petitioner has a direct cause of action against said insurers.”
By this statement plaintiff has alleged that Royal-Globe and Harbor are insurers of Sun Oil. He has also alleged that the policies in question cover the particular accident here involved. If the allegations of plaintiff’s petitions are accepted as true, Royal-Globe and Harbor are solidarily liable with Sun Oil for plaintiff’s injuries. Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960).
Evidence can, of course, be adduced to support a plea of prescription. C.C.P. Art. 931. Such evidence could have shown that Royal-Globe and/or Harbor were not, in fact, the insurers of Sun Oil or that the policies did not cover the accident in question. The record does not contain a transcript of the evidence or a narrative of the facts. “The jurisprudence is uniform that, where there are factual issues involved and the record on appeal contains neither the transcript nor an agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review.” Succ. of Walker, 288 So.2d 328 (La.1974). The proper procedure is to presume that the judgment of the trial court was supported by competent evidence and affirm it, as was done in Walker.
Under this settled jurisprudence, which we believe to be firmly based on articles 2130 and 2131 of the Code of Civil Procedure, the trial court judgment should be affirmed. However, in the case of Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973), which is factually indistinguishable from the present case, our Supreme Court reversed the judgment of the trial court. The court held that when a defendant insurance company is alleged to be the insurance company of another defendant, the record must contain controverting evidence or it will be presumed that the insurance company is solidarily liable with the other defendant. The jurisprudence which culminated in Walker was not alluded to in the majority opinion, although the well reasoned dissent of Justice Marcus strongly relied on it. We therefore do not know why this exception to the general rule exists.
Although we strongly disagree with the holding in Pearson, we feel bound to follow this express holding of our Supreme Court. Walker cannot be read to impliedly overrule Pearson because all the cases cited therein to establish the uniform jurisprudence were decided prior to Pearson. We must therefore reverse the judgment of the trial court to the extent that it sustained the pleas of prescription of Royal-Globe and Harbor, the alleged insurers of Sun Oil. No controverting evidence is present in the record. Any action against Royal-Globe and Harbor as the insurers of Adams, Landry, and Crochet, has prescribed, however, because any right which plaintiff had against these insureds had been extinguished by prescription when suit was brought against their alleged insurance companies.
For the reasons assigned, the judgment is reversed only insofar as it sustained the exceptions of prescription as to Sun Oil Company and as to Royal-Globe Insurance and Harbor Insurance Co. as the insurers of Sun Oil Company. In all other respects the judgment is affirmed. The costs of this appeal are assessed as follows: Marion L. Moore, one-half; Royal-Globe Insurance, one-fourth; Harbor Insurance Company, one-fourth.
IN PART AFFIRMED AND IN PART REVERSED AND REMANDED.

. The trial judge also granted an exception of prescription on behalf of Sun Oil Co. which had never filed such an exception. All parties agree that the granting of the exception as to Sun Oil was an inadvertent error on the part of the trial court and should be reversed-.