TATE, Judge.
This is an appeal from the dismissal of a third-party demand upon an exception of no cause of action.
The principal contention of error is that, in sustaining the exception of no cause of action, the trial court erroneously considered evidence not introduced or admissible on the trial of such exception. LSA-CCP Art. 931. However, we find that the trial court correctly sustained the exception on the basis of the allegations of the third-party petition and the exhibits attached to and made part of it.
The suit in which the third-party demand was filed is a libel action by a doctor against certain defendants, some of whom are third-party plaintiffs. The libel suit sought damages based upon the filing of previous malpractice suits against the doctor, which allegedly contained false allegations and were maliciously filed. (After trial on the merits, the malpractice suits against the doctor had been dismissed as unfounded.)
The present appellant third-party plaintiffs — attorneys Brumfield, Turner, and Cooper — had been sued as the counsel who prepared and filed the malpractice suits. By the present third-party petition, these attorney defendants sought indemnification or contribution from appellees Downs and Gremillion, made third-party defendants.
The third-party petition alleges that the malpractice suits filed against the doctor were the result of a referral from Downs and Gremillion. The third-party petition further alleges that the allegations in the malpractice petitions were comprised of facts contained in the letter of referral from Downs and Gremillion dated February 23, 1962, attached to the petition and made part of it.
A related aspect of the issue before us has been previously considered by this court. Foster v. McLain, 198 So.2d 463. There, the plaintiff doctor had by amended petition sought to join Downs and Gremil-lion as codefendants to the main demand, upon allegations that they had participated in making the malicious and false allegations of the malpractice suit.
We sustained a plea of prescription to this claim, since the main plaintiff had sought to join Downs and Gremillion as defendants after the expiration of the prescriptive year. In holding that the timely-filed suit against Brumfield, Turner, and Cooper had not interrupted prescription, we specifically held that it did not do so because Downs and Gremillion were not solidarily liable, since the evidence did not show that the latter had participated in the drafting, framing, or filing of any of the pleadings alleged to be libelous.
We think that similar reasoning applies to bar Brumfield, Turner, and Cooper’s third-party demand against Downs and Gremillion.
Under the allegations of the third-party petition, the only act that Downs and Gremillion performed was to refer the malpractice claim to Brumfield, Turner, and Cooper, by the letter of February 23, 1962, attached as exhibit. This one-paragraph letter contains the facts of a potential claim against the doctor.[1]
*494 The main demand, attached as an exhibit to the third-party petition, shows that the malpractice suits were filed several months later, on July 3, August 14, and October 4, 1962. The thrust of this main petition is that the doctor had been damaged by false and malicious statements and insinuations in the malpractice suits to the effect that he was not a skilled surgeon, with the expectation that these false and malicious allegations in the suits so filed would receive widespread publicity in the area of the physician’s practice.
However, the third-party petition against Downs and Gremillion does not allege that they participated in the confection of the allegedly libelous malpractice suits, nor that they played any part in filing them, nor that they had participated in any pre-suit investigation which might have shown the alleged falsity of the charge that a sponge had been left in the body at the time of the initial operation.
The basis of the third-party demand is essentially that Downs and Gremillion had referred to third-party plaintiffs the patient’s claim by the letter of February 23, 1962. We take judicial notice that, in the general practice of law, a letter describing a claimant’s complaints indicating a potential tort action does not constitute a warranty by the forwarding attorney of the verity of the version of the facts stated to them by the claimant, and that the forwarding attorneys, in the absence of further action or agreement on their part (and none is alleged here), are not expected to control any subsequent action of the attorneys retained to investigate and prosecute the action.
In summary, under the allegations of the third-party petition, Downs and Gremillion are sought to be held liable simply because they referred a malpractice claim to Brumfield, Turner, and Cooper. The latter are made defendants in the libel suit, because of allegedly false and malicious allegations in a suit filed by them. However, there is no allegation in the third-party petition that Downs and Gremillion participated in the investigation, preparation, or filing of the allegedly libelous malpractice suit, or otherwise participated in the allegedly wrongful conduct for which the main-demand plaintiff seeks damages.
We therefore affirm the trial court’s holding that the third-party petition states no cause of action against Downs and Gremillion, as well as the consequent dismissal of the suit against these third-party defendants. The costs of this appeal are to be paid by appellants, namely, the third-party plaintiffs.
Affirmed.

. The letter pertinently states:
“We represent a lady named Mela Mae D. McLain who lives near here. She was operated on in June of 1960 for a gall bladder condition. About a year later after very much discomfort the same doctor had to go back in and at that time remove some cotton or sponge that was left in the operative site at the time of the initial operation. She underwent a good bit of pain, expense, etc. I wonder if you would be interested in handling this *494 xnatter against the doctor’s insurance company on a referred basis with us. If so, we will be glad to secure whatever additional information we can in connection with the case and send it on promptly to you.”