251 So.2d 179 (1971)
Robert P. FOSTER, Plaintiff-Appellee,
v.
Mela Mae Durand McCLAIN et al., Defendants-Appellants.
No. 3453.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1971.
Rehearing Denied August 16, 1971.
Writ Refused October 18, 1971.
*180 Franklin, Moore, Beychok & Cooper, by William H. Cooper, Jr., Baton Rouge, and Gist, Methvin & Trimble, by James T. Trimble, Jr., Alexandria, for defendants-appellants.
Gus Voltz, Alexandria, for plaintiff-appellee.
Kramer & Kennedy, by Ralph Kennedy, Jr., Alexandria, for defendant-appellee.
Before FRUGÉ, HOOD, and CULPEPPER, JJ.
FRUGÉ, Judge.
This action was instituted to recover damages sustained because of certain allegedly libelous statements made in a petition in a medical malpractice suit.
This suit, filed by Dr. Foster, was instituted against Brumfield, Turner, and Cooper, a law partnership and against each member individually, alleging that they, together with the plaintiff in the malpractice action, Mrs. McClain, had libeled him. Prior to trial it was agreed that since Robert Turner had died and plaintiff had not amended his petition, that the suit would be tried only as against Brumfield and Cooper and Mrs. McClain, with the plaintiff reserving his rights to later sue the estate of Robert Turner.
Following a jury trial, upon the jury's verdict, judgment was rendered in favor of Dr. Foster, the plaintiff, for $33,000.
All defendants moved for a new trial. The defendants, Brumfield and Cooper's, motion for a new trial was denied. A motion for new trial filed by Mrs. McClain was granted and the court dismissed the plaintiff's suit as to her. The defendants' cast, Brumfield and Cooper, subsequently perfected this appeal. We reverse.
This action has twice been before this court on various aspects prior to the rendering of final judgment. (198 So.2d 463 and 228 So.2d 492). The original petition filed in this action alleges that Mrs. McClain, through her attorneys, caused damage and injury to the plaintiff by the filing of three separate damage suits against him for medical malpractice. The petition alleges that Mrs. McClain and her attorneys falsely and maliciously alleged in the original suit that Dr. Foster had left a foreign substance described as a sponge in the abdomen of Mrs. McClain.
Of the three suits that had originally been filed against Dr. Foster, one was voluntarily dismissed by the plaintiff on August 14, 1962. A second suit was dismissed by judgment of the U. S. District Court for the Western District of Louisiana on January 23, 1963. Then a third suit was voluntarily dismissed by the plaintiff on December 7, 1962.
The petition in the instant case avers that:
"Neither of the said defendants had any probable cause to believe that a `sponge' had been left in Mrs. McClain's abdomen, but that said allegations were made by the defendants maliciously, knowing the same to be false and with wanton disregard of the truth."
The fact that the medical malpractice petition had been filed, as well as the alleged basis for the suit, was published in various newspapers, including the "Alexandria Town Talk" and the "Shreveport Times". *181 The plaintiff contends that because of the circulation of these newspapers, the widespread publication of these allegations caused humiliation and embarrassment and damage to the professional reputation of the plaintiff.
It is well established in our jurisprudence that the absolute privilege attached to judicial allegations by the common law has no place in the law of Louisiana. The jurisprudence of this State makes it clear that judicial allegations are entitled only a qualified privilege. However, for the privilege to be effective, the statements must be material to the case, they must be made with probable cause to believe they are true, and they must have been made without actual malice. Waldo v. Morrison, 220 La. 1006, 58 So.2d 210 (1952); Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969).
To maintain the burden of proof in the present case, the plaintiff must show that the allegations were false, or that if true, they were not material. In addition, plaintiff must prove they were made without probable cause to believe they were true, and that they were made with actual malice. "Actual malice" exists when a false statement has been motivated by personal spite or ill will or when it has been made with reckless disregard for the truth. Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969).
We do not believe that the plaintiff has maintained his burden of proof in this action. The petition of Dr. Foster states that the petition in the malpractice suit alleged that Dr. Foster had left a "sponge" in the area of the operation. The actual allegations of those petitions as filed stated that:
"Petitioner now shows that on or about July 3, 1961, petitioner, following consultations, and upon a second operation by defendant, Dr. Robert Foster, it was discovered that a foreign substance, more particularly described as cotton or a sponge was found in the vicinity of the area of the first operation.
"Your petitioner now shows that she was unaware of the fact that the sponge or cotton had been left in the general vicinity of her abdomen until informed of it by Dr. Robert P. Foster. * * *"
When the allegations to these petitions appeared in the previously mentioned newspapers, the articles stated only that the malpractice suits alleged that a "sponge" had been left in the plaintiff's abdomen.
The actual trial of the malpractice suit revealed that the apparent cause of the swelling which Mrs. McClain experienced, as well as the discomfort and pain associated with the surgical scar, was probably caused by a body reaction to the cotton sutures that were used to close the incision after the operation. Nothing in the record indicates, however, that at the time of the filing of suit, the attorneys had any reason to doubt Mrs. McClain's statements made to them that it was a "piece of cotton about the size of my little finger". The allegations were corroborated by a referral letter of Mr. Gremillion (now Judge Gremillion), at the time when he referred this case to the law firm of Brumfield, Turner, and Cooper, (See: Footnote 1, 228 So.2d 492, 493), stating that it was "some cotton or sponge".
The petition which was filed was based upon the referral letter, Mrs. McClain's story and her complaints, and the fact that there was a second operation actually performed to remove an object from the area of the incision. Dr. Foster testified that at the time he removed the cotton suture or piece of cotton from the area of the surgery, that he may have said something to the following effect:
"Yes, I probably did say, very certainly, `Well, I'll be durned, it is a piece of cotton', or something of this similar sort, but I very probably said a piece of cotton or a cotton stitch."
We are of the opinion that the record fails to indicate that the attorneys could *182 have known that the allegations made in the petition were untrue. The allegations of negligence as a result of having left a piece of cotton or sponge in the abdominal incision were necessary to sustain the plaintiff's damage suit. The defendants had no reason to doubt Mrs. McClain's story, and we are of the opinion that each of the allegations made was material to the lawsuit and that they were made with probable cause. The record is void of any evidence indicating that the allegations were made with any malicious intent or through feelings of ill will towards the doctor.
The libel action could be sustained, however, if it were shown that the allegations were made with a reckless disregard for whether or not the allegations were true. We do not believe the record supports such a finding.
It is clear that something was removed from Mrs. McClain as a result of the second operation, and whether this was simply a cotton suture that had been used to close the surgical incision or whether in fact, it was a piece of cotton inadvertently left in the incision, was a matter which could only be proven by a thorough pre-trial investigation as well as a trial on the merits.
We believe that the jury's finding of fact in this case, that is, that the allegations contained in the petition were made with actual malice (as that term has been defined by our jurisprudence), was manifestly erroneous. Such a finding is unsupported by the evidence in this case. Thus, the award in this case cannot stand.
For the above and foregoing reasons, the judgment of the District Court in favor of the plaintiff and against the defendants is reversed.
It is ordered, adjudged and decreed that there be judgment rendered herein in favor of the defendants, H. Alva Brumfield and Robert S. Cooper, and against the plaintiff, Robert P. Foster, dismissing the plaintiff's suit. All costs of this action are to be assessed against the plaintiff.
Reversed and rendered.