176 So.2d 688 (1965)
PARISH OF JEFFERSON
v.
BERTUCCI BROS. CONSTRUCTION CO., Inc.
No. 1842.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1965.
Rehearing Denied July 15, 1965.
Louis G. DeSonier, Jr., Metairie, and Robert H. Fray, Gretna, for plaintiff-appellee.
George C. Stringer, Jr., New Orleans, for defendant-appellant.
Before McBRIDE, SAMUEL and HALL, JJ.
HALL, Judge.
The Parish of Jefferson, through its governing body, the Jefferson Parish Council, brought this suit against Bertucci Bros. Construction Co., Inc., seeking to enjoin that company from storing or stockpiling broken concrete and other materials on a portion of the East Bank batture of the Mississippi River, alleging that such use of *689 the property violates the comprehensive Zoning Ordinance of the Parish of Jefferson. As an additional ground for injunctive relief the Parish alleged that defendant's operations created a public nuisance by reason of the dust and loud noises emanating therefrom. Defendant filed several exceptions to plaintiff's petition, all of which were overruled except its exception of prescription which was referred to the merits. Defendant then filed an answer and the matter went to trial which resulted in a judgment permanently enjoining defendant from using a particular portion of the batture (described in the judgment) for purposes other than as permitted by the provisions of the Zoning Ordinance governing Single Family Residential Districts, and further enjoining defendant from storing, stockpiling or depositing any materials such as brickbats, broken concrete, scrap iron and steel upon the property described in the judgment, and ordering the immediate removal therefrom of all such materials presently so stored. The judgment by its silence denied plaintiff any relief on its nuisance allegations. Defendant appealed suspensively. Plaintiff neither appealed nor answered the appeal and therefore the nuisance feature of the case has been eliminated.
Defendant admits the stockpiling of broken concrete and other materials on the area described in the judgment but contends that:
a) It was stockpiling materials thereon prior to August 28, 1958 and the date the Zoning Ordinance was adopted and thus its operations constitute a legal non-conforming use of the property,
b) It had conducted its stockpiling operations thereon more than two (2) years prior to the filing of this suit and that plaintiff's action is prescribed under the provisions of LSA-R.S. 9:5625, and,
c) The owner of the property, Jules J. Viosca, is an indispensable party to the proceedings and until he has been joined the suit should be held in abeyance.
Other contentions made by defendant in the Trial Court but not urged on appeal are considered as abandoned.
The record reveals that defendant is engaged in the contracting business and also in buying, stockpiling and selling "rip-rap" consisting principally of broken up concrete. Its rip-rap operations are conducted on the batture and extend over an area which runs from the property line of the American Creosote Company on the eastern or downstream end to a little past the prolongation of Coolidge Street on the western or upstream end. The area of the batture occupied by defendant is actually in three different zoning districts. The lower or downstream end of the area up to the prolongation of Iris Street is in a C-2 or "General Commercial District" zoning classification. From the prolongation of Iris Street upstream to approximately 100 feet west of the prolongation of Brooklyn Street the batture is zoned R-3 or "Multiple Family Residential District." The remainder of the area occupied by defendant, which extends upstream from the R-3 District, has an R-1 or "Single Family Residential" classification.
The buildings housing defendant's offices are within the R-3 area. However the record shows that defendant conducted operations on the R-3 area prior to the enactment of the Zoning Ordinance and is therefore legally entitled to continue such operations on this area on non-conforming use basis under the provisions of Section XVIII of the Zoning Ordinance.
Since the judgment appealed from is restricted by its terms to the upstream area which lies in Zoning District R-1, "Single Family Residential District," this is the only area now in contest.
Defendant admits that it has used this area for the stockpiling of rip-rap and it is *690 clear that such use of the area is contrary to the provisions of the Zoning Ordinance.
The first question presented is purely factual: exactly when did defendant commence stockpiling on the R-1 area? If it was prior to August 28, 1958, the date of the adoption of the Zoning Ordinance, defendant would be privileged to continue his operations thereon on a non-conforming use basis.
The testimony of numerous witnesses was taken both on behalf of plaintiff and defendant. All of plaintiff's witnesses testified unequivocally that there had been no actual storage or stockpiling of any materials on the R-1 area until after January 1962, and although the evidence is conflicting, the Trial Judge evidently found this to be an established fact. We find no error in such a conclusion. Defendant is therefore not entitled to a non-conforming use of the area.
Defendant's plea of the prescription of two years under the provisions of LSA-R.S. 9:5625 is likewise untenable. Generally speaking this section of the Revised Statutes provides that all actions to enforce compliance with zoning regulations must be brought within two years from the first act constituting the commission of the violation. However the statute contains the proviso that "with reference to violations of use regulations all such actions * * * must be brought within two years from the date the parish, municipality or their instrumentality first had knowledge of such violation * * *." Since this suit was filed on October 22, 1963, defendant's plea could be sustained only if: (a) his stockpiling operations on the R-1 area had been commenced prior to October 21, 1961 and, (b) if the Parish authorities had had knowledge thereof prior to that date. The record not only shows that the operations were commenced after January 1962 but that the Parish authorities had no knowledge thereof until about March of 1962.
Defendant contends finally that since it leases that part of the batture which lies in the R-1 zone from Jules J. Viosca, the owner, Viosca, is an indispensable party to this proceeding. The lease which is in evidence is dated June 30, 1960 and provides that the leased premises are to be used only for the "storing and hauling of sand" (a commercial purpose) in spite of the fact that the property has been zoned as "R-1 Single Family Residential" since August 28, 1958.
The owner is not in our opinion an indispensable party to the proceedings. Plaintiff has sought no relief against him, and the only way in which the owner or his property could possibly be said to be affected in any way by the judgment appealed from is the fact that the Trial Court rejected defendant's contention that the property is entitled to a non-conforming use status by virtue of defendant's own operations thereon. Mr. Viosca himself testified at the trial in an effort to prove the existence of such a status, and failed to do so. We see no reason to remand the case for the purpose of making him a party.
Defendant has called our attention to the fact that a permanent injunction was issued by the Trial Court. Since plaintiff prayed for a preliminary injunction and a rule nisi was issued and since the record fails to disclose any stipulation or agreement by defendant to try the case on the merits, the Trial Court was in error in issuing a permanent injunction. See Penn v. Burk, 244 La. 267, 152 So.2d 16. Since we are amending the judgment to correct this error we are remanding the case for the purpose of permitting a trial on the merits for a permanent injunction as authorized by law in the event either party should demand one.
It is noted that the plaintiff is not required to furnish bond for the preliminary injunction. See LSA-R.S. 13:4581.
For the foregoing reasons the judgment appealed from is amended by changing it *691 from a permanent injunction to a preliminary one, and as so amended and in all other respects the judgment appealed from is affirmed, defendant to bear all costs of this appeal. The case is remanded to the District Court for the purpose hereinabove set forth.
Amended and affirmed.