230 So.2d 880 (1970)
Frank W. IRLAND et ux., Plaintiffs-Appellants,
v.
Robert T. BARRON, Defendant-Appellee.
No. 11326.
Court of Appeal of Louisiana, Second Circuit.
January 6, 1970.
Rehearing Denied February 3, 1970.
*881 Peters, Ward, Johnson & Phillips, by S. Patrick Phillips, Shreveport, for plaintiffs-appellants.
Wilkinson, Woods, Carmody & Meadows, by W. O. Crain, Jr., Feist, Schober & Gray, by James Fleet Howell, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
PRICE, Judge.
This is an action seeking injunctive relief by the owner of a tract of land abutting Cross Lake in Caddo Parish for the alleged violation of zoning restrictions on an adjacent lot, and to prevent the wrongful use of certain riparian property situated between the plaintiff's property and the waters of Cross Lake.
*882 For clarity in understanding the facts of this case the following sketch depicts the position of the property involved in this litigation.

Tract "B" of the foregoing plat is owned by plaintiffs, Frank William Irland and his wife, and is used by them for residential purposes. Tract "C" is owned by the City of Shreveport under its statutory ownership of the bed of Cross Lake up to the 172 foot contour line. By Ordinance 40 of 1964 of the City of Shreveport, the sole use of this tract inures to the riparian owner Irland. Tract "A" is owned by defendant, Robert T. Barron. The tracts involved are outside the corporate limits of the City of Shreveport and are within the jurisdiction of the Metropolitan Planning Commission and subject to the ordinance for Caddo Parish adopted by the Police Jury in 1957. Both Tracts "A" and "B" are zoned R-1 for use as single family residential purposes. Robert T. Barron owns a commercial fishing camp on South Lakeshore Drive immediately west of Irland's property with the triangular rear corner of the tract touching the south corner of Tract "C".
Plaintiffs brought suit seeking a restraining order and preliminary and permanent injunction to prohibit Barron from using Tract "A" for commercial purposes in violation of the zoning ordinance. Also the same relief is sought for the alleged wrongful use by Barron of Tract "C", the sole use of which has been vested in plaintiffs by action of the City of Shreveport.
In their petition plaintiffs accuse Barron of using Tract "A" for commercial purposes by having erected signs thereon advertising his commercial fishing camp nearby, and by using this tract for the parking of cars and trailers in connection with his fishing camp.
*883 It is alleged that Barron is wrongfully using Tract "C" by the launching of boats of patrons from this tract and the docking of boats along the shoreline adjacent to this tract in violation of the exclusive right of use belonging to plaintiffs.
A temporary restraining order was obtained by plaintiffs restraining defendant from the acts complained of. After the close of the evidence on the trial of the rule for the preliminary injunction, but prior to argument, defendant filed an exception of no cause or right of action, admitting that his use of Tract "A" is in violation of the zoning ordinance, but asserted that this use began, and has continued for a period in excess of two years prior to the filing of plaintiff's suit, and, therefore, prescription has accrued by the provisions of LSA-R.S. 9:5625. Additionally, it is asserted that the ordinance of the City of Shreveport granting exclusive use of the area below the 172 foot contour line is unconstitutional.
The district court rejected plaintiffs' demand for a preliminary injunction insofar as Tract "A" is concerned, and issued a preliminary injunction prohibiting defendant, or others acting on his behalf, from using the area abutting plaintiffs' property lying below the 172 foot contour line of Cross Lake (referred to as Tract "C" herein).
Subsequent to the trial of the rule for preliminary injunction, a separate suit was filed by Robert T. Barron against Frank William Irland and the City of Shreveport, seeking judicial recognition of a right of passage across Tract "C" for the benefit of Tract "A", alleging that this is an enclosed tract without access to a public road and that the nearest and most logical route is across Tract "C" from South Lakeshore Drive.
Barron's suit for a right of passage was consolidated for trial with the merits of the Irlands' suit for a permanent injunction. The district court awarded judgment rejecting the Irlands' prayer for a permanent injunction as to defendant's usage of both Tracts "A" and "C", and recalled the preliminary injunction previously issued by the court affecting Tract "C". The court awarded Barron attorney's fees in the sum of $750.00 as special damages for obtaining the dissolution of the preliminary injunction as prayed for by reconventional demand in his answer to plaintiffs' petition. In the consolidated case of Barron v. Irland, the court awarded Barron judgment recognizing his right of passage across Tract "C" at the point where a present roadway existed. No appeal was taken from the judgment in Barron's suit for a right of passage, and, therefore, no discussion of the facts surrounding it is necessary except as they may relate to the plaintiff's right to an injunction on Tract "C".
Plaintiffs perfected this appeal in their action for an injunction, specifying the trial court erred in refusing to grant a permanent injunction against the commercial usage of Tract "A", and in sustaining defendant's plea of two years prescription. Appellants further assign as error the failure of the trial court to grant an injunction prohibiting any use of Tract "C" by defendant except for a right of passage, and the court's award of attorney's fees for the dissolution of the preliminary injunction.
The violation of the zoning ordinance on Tract "A" is admitted by defendant in his answer to plaintiffs' petition. The sole issue to be resolved is whether his non-conforming use of this property has existed for a sufficient period of time to bar enforcement of the ordinance by a governmental authority or an adjacent property owner as provided by LSA-R.S. 9:5625, which reads as follows:
"A. All actions, civil or criminal, created by statute, ordinance or otherwise, which may be brought by parishes, municipalities or their instrumentalities (or) by any person, firm or corporation to require enforcement of and compliance with any zoning restriction, building *884 restriction or subdivision regulation, imposed by any parish, municipality or their instrumentalities, and based upon the violation by any person, firm or corporation of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; provided, that where a violation has existed for a period of two years prior to August 1, 1956, the action must be brought within one year from and after August 1, 1956, and provided further that with reference to violations of use regulations all such actions, civil or criminal, must be brought within two years from the date the parish, municipality or their instrumentality first had knowledge of such violation, or within one year from August 1, 1956. Any prescription heretofore accrued by the passage of two years shall not be interrupted, disturbed or lost by operation of the provisions of this Section.
"B. In all cases where the prescription provided for herein has accrued, the particular property involved in the violation of the zoning restriction, building restriction or subdivision regulation shall enjoy the same legal status as land uses, construction features of buildings or subdivisions made non-conforming by the adoption of any zoning restriction, building restriction or subdivision regulation. Acts 1956, No. 455, §§ 1, 2, as amended Acts 1962, No. 415, § 1."
The evidence adduced on the trial of the rule for the preliminary injunction, and on the merits for the permanent injunction, reflect the following:
Barron purchased Tract "A" in May, 1958. He later purchased the fishing camp know as Barron's Landing on South Lakeshore Drive in June, 1965. Late in the winter of 1965 Barron built a road from his camp across Tract "C" to enable him to park any overflow of automobiles of his fishing camp patrons on Tract "A". Several picnic tables were constructed on this tract about this time and lumber was stored thereon, to be used later in building boat houses. This was the extent of the usage of this tract until February or March of 1966 when a large sign advertising Lion Oil products being sold at the commercial fishing camp of Barron was erected on Tract "A". At about this same time defendant erected several mercury street lights on this tract.
Plaintiffs urge that the burden is on the party pleading prescription to prove every element necessary to sustain the plea. They further argue that under LSA-R.S. 9:5625 the prescriptive period for violation of use restrictions begins on the date the governmental body having authority over the enforcement acquires knowledge of the violation.
It is well settled that one pleading prescription has the burden of proving his plea. Foster v. McLain, 198 So.2d 463 (La.App., 3d Cir., 1967); Ludlam v. International Paper Co., 139 So.2d 67 (La.App., 2d Cir., 1962).
We must, therefore, first determine the necessary elements that are required by LSA-R.S. 9:5625. There have been two cases interpreting the meaning of this statute from other circuits of the Court of Appeal of this State. In the case of City of Crowley v. Prejean, 173 So.2d 832 (La. App., 3d Cir., 1965), the Third Circuit pointed out that LSA-R.S. 9:5625 provides that civil or criminal actions for violations of zoning ordinances are prescribed after two years from the time the governing authorities knew of the violation.
In the case of Parish of Jefferson v. Bertucci Bros. Const. Co., La.App., 176 So.2d 688, the Fourth Circuit commented on this statute as follows:
"Defendant's plea of the prescription of two years under the provisions of LSA-R.S. 9:5625 is likewise untenable. Generally speaking this section of the Revised Statutes provides that all actions to enforce compliance with zoning regulations must be brought within two years from the first act constituting the commission *885 of the violation. However the statute contains the proviso that `with reference to violations of use regulations all such actions * * * must be brought within two years from the date the parish, municipality or their instrumentality first had knowledge of such violation * * *." (Emphasis supplied)
We are in accord with the interpretation placed on the statute by these two circuits. Insofar as use violations are concerned, the general requirement of the statute that actions to enforce must be brought within two years of their commencement, is modified by the proviso to require that the prescriptive period only begins to run after knowledge of the violation has been acquired by the governmental body having authority over the violation. It is plain by the wording of the statute that a distinction has been made between violations concerning zoning restrictions, building restrictions or subdivision regulations and use regulations. In the case being reviewed we have under consideration the alleged violation of a use restriction, and, therefore, the requirement of knowledge in the proper governmental authority is a necessary element of the proof of defendant who is pleading prescription under this statute.
Defendant sought to prove knowledge on the part of governmental authorities of his use of Tract "A" for more than two years prior to the filing of plaintiffs' petition in June of 1968, by eliciting testimony from a witness who was present at his fishing camp when L. Calhoun Allen visited the premises in or around July of 1965 to investigate some dredging work being done by defendant adjacent to his commercial camp. Mr. Allen is Commissioner of Public Utilities for the City of Shreveport, the department having control over the bed and waters of Cross Lake. H. D. Wells, the agent of the Metropolitan Planning Commission in charge of enforcement of zoning ordinances was called as a witness by defendant. He testified that he visited the premises some one year and eleven months prior to the filing of this action to investigate a request by Barron to extend boat stalls at his existing camp. He was told by Barron that Tract "A" belonged to him also. Wells testified he observed the activity of Tract "A" but since he had not previously been familiar with these properties, he assumed it also had a non-conforming status.
The trial judge found in his reasons for judgment that the defendant had borne the burden of proving prescription by establishing knowledge on the part of an official of the City of Shreveport by the evidence proving the visit of Commissioner Allen to the premises on a date more than two years prior to this suit. For two reasons we must disagree with this finding. First, we think it is clear that the City of Shreveport has no governmental relationship with any property above the 172 foot contour line of Cross Lake. Tract "A" is above this line and is outside the corporate limits of the City of Shreveport. The Police Jury of Caddo Parish has sole authority and responsibility for the enforcement of its zoning ordinances affecting this property. Any knowledge that Commissioner Allen might have possessed could not be imputed to the Police Jury of Caddo Parish.
Secondly, there is not sufficient evidence to show that any activity was being conducted on Tract "A" on the date of this one visit to have made Commissioner Allen aware that it was being used commercially in conjunction with defendant's fishing camp. Tract "A" is not contiguous to the defendant's property on which his camp is located. Therefore, the mere presence on the other disconnected tract of a picnic table, a stack of creosote timbers and possibly a parked vehicle or boat trailer, would not be sufficient to cause a person to conclude that it was being used commercially at that time. There were no signs displayed indicating to the public that it was being used as a portion of or connected with Barron's Landing.
*886 The only evidence tending to prove knowledge on behalf of the Parish was that pertaining to the visit of H. D. Wells, which was less than two years prior to this suit being filed.
Defendant argues in brief that the requirement of knowledge by the statute should be construed to include implied or constructive knowledge on behalf of the governing body if the facts of a particular case are such that a violation is obvious and would cause a reasonable person to investigate further, which would lead to the true facts.
We do not find it necessary to express our opinion as to whether constructive knowledge may be used in lieu of actual knowledge under the statute as the facts of this case would not even support the application of the doctrine of constructive knowledge if it were permissible.
From our appreciation of the evidence prior to the erection of signs around March of 1966, there was only an intermittent use of Tract "A" by the parking of cars or boat trailers mostly on week-ends. This activity, coupled with the construction of picnic tables and the stacking of a quantity of creosote timbers therein, is not sufficient to indicate to the public a commercial usage of this tract. Only at the time the commercial sign was erected with installation of lighting would the activity have placed the public on notice that the tract was being utilized for commercial purposes in connection with the fishing camp. We, therefore, are of the opinion that the trial court's rejection of plaintiffs' application for injunctive relief because of prescription of the right to enjoin was improper.
We find no merit in defendant's contention that the plaintiffs have not shown special damage as a private citizen to enable them to seek enforcement of the zoning regulation.
Act 34 of 1954 grants the authority to adjacent property owners to seek injunctive relief for violations of zoning ordinances affecting them. We quote the pertinent portion of this statute as follows:
"* * * Any adjacent or neighboring property owner who would be specifically damaged by such violation, may, in addition to other remedies, institute injunction, mandamus, or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance, or use, or to correct or abate such violation, or to prevent the occupancy of such building, structure, or land."
Plaintiffs offered the testimony of an expert appraiser, O. L. Jordan, who testified that the market value of their residence would be lessened by a commercial usage of Tract "A". It matters not that it had already suffered some damage by virtue of being adjacent to the non-conforming use of the commercial fishing camp if further damage would result by the expanded commercialization onto Tract "A".
The trial court committed further error in completely dissolving the preliminary injunction previously issued in regard to Tract "C". The court, after ruling that Barron was entitled to a right of passage in the consolidated case filed by Barron to acquire a servitude of passage, made a finding in the suit here under consideration that Barron should not be enjoined from using Tract "C" for the parking or storing of boats as this use is incidental to the right of passage. We do not understand this to be the law of this State. Although the suit seeking the right of passage is not before us on appeal, we have all evidence pertaining thereto as it was consolidated with the instant suit for the purpose of trial. The court found that Barron was either entitled to a conventional servitude of passage by stipulation in his deed of acquisition or a right of passage under Louisiana Civil Code Article 699.
From a reading of the stipulation in the deed under which it has been held that he *887 is entitled to a conventional servitude of passage, we do not find a grant of any greater rights than would flow under a servitude created by Article 699.
In the case of Quaglino v. Curren, 8 Orleans App. p. 191 (Ct.App. Orleans 1911), the court pointed out that a servitude of passage means the right to pass over one estate in order to reach another. We find no cases enlarging this right except for the purpose of improving the roadway by the beneficial estate. We are of the opinion defendant should be enjoined from any greater use of Tract "C" than that of using his servitude of passage. The trial court found that the defendant had apparently abandoned his contention that Ordinance 40 of 1964 was unconstitutional, and, as this contention has not been pursued further on this appeal, we shall not consider it.
For the foregoing reasons the judgment appealed from is reversed and it is hereby ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Frank William Irland and Gladys Rigg Irland, and against Robert T. Barron, defendant, enjoining and restraining defendant, his agents, employees or persons acting on his behalf, from using for commercial purposes the tract referred to as Tract "A" herein, which is described as follows:
That certain parcel or portion of land in Section Thirty Four (34), Township 18 North, Range 15 West, Caddo Parish, Louisiana, more particularly described as follows, to-wit:
Begin at the Southeast Corner of Section 34, Township 18 North, Range 15 West, Caddo Parish, Louisiana, thence run West along the South line of said Section 260 feet; thence North 68 degrees East 91.5 feet; thence North 380.2 feet; thence 86 degrees 45 minutes West 54.4 feet; thence South 83 degrees 15 minutes West 150 feet, this being the point of beginning of the tract herein described and conveyed;
Thence continue South 83 degrees 15 minutes West 41.4 feet; thence South 79 degrees 15 minutes West 97.7 feet; thence South 0 degrees 15 minutes West 47.5 feet; thence South 60 degrees 15 minutes East 158.6 feet; thence in a Northerly direction approximately 149.5 feet to the point of beginning.
It is further ordered that defendant be enjoined from utilizing for any purpose whatsoever, except for a right of passage established by judgment of the First District Court in Suit No. 186,569, that portion of property adjacent to the above described tract belonging to plaintiff abutting on Cross Lake and lying between the 172 foot contour line and the water level of Cross Lake, which property has been referred to as Tract "C" and designated as same on map filed in these proceedings.
It is further ordered that the demands of plaintiff in reconvention be dismissed.
All costs, inclusive of this appeal, are to be paid by defendant.