256 So.2d 722 (1972)
PARISH OF JEFFERSON
v.
Charles C. GROETSCH.
No. 4730.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1972.
Rehearing Denied February 7, 1972.
Writ Refused March 15, 1972.
*723 Roy L. Price, Parish Atty., and James S. Arceneaux, Asst. Parish Atty., for plaintiff-appellee.
Pierre F. Gaudin, Gretna, for defendant-appellant.
Before SAMUEL, CHASEZ and GUIDRY, JJ.
SAMUEL, Judge.
Alleging the defendant was violating the Comprehensive Zoning Ordinance of the Parish of Jefferson, the parish brought this suit to enjoin and restrain him from operating a commercial business from 1956 Sigur Street, his home in Metairie. After trial there was judgment granting a preliminary injunction as prayed.
The defendant has appealed. In this court he contends: (1) His activities do not constitute conduct of a commercial business in violation of the zoning ordinance; and (2) if it be found that he does operate a business in violation of the ordinance, the two-year prescription contained in LSA-R.S. 9:5625 precludes enforcement of the ordinance against him.
The evidence reveals that since 1967 defendant has conducted what he terms a "rack jobber" operation from his home. This includes the selling of various types of small merchandise, such as sandals, pencils, light bulbs, etc., to retail outlets, mainly grocery stores. One such outlet is located in Jefferson Parish while all of the others are in the City of New Orleans. Most of the merchandise is received in New *724 Orleans and then brought to defendant's garage where all of it is stored. Orders are put up and packaged at defendant's home from that storage and delivered by truck to the retail outlets on a daily basis.
The operation appears to be relatively small but increasing in size from a closing inventory of $4,029 in 1967 to $12,988 in 1969. It is carried on by three persons, the defendant and two employees. One of those employees, defendant's son, takes orders (apparently by mail or telephone and approximately one-half on the premises and one-half at his own home), puts up and packages the orders on the premises in suit, and keeps the books, while the other is a truck driver who, together with the defendant, delivers the packaged orders. Three vehicles are used, a station wagon and two step-van trucks. Every night the trucks are parked on a lot adjoining the premises and those two vehicles are used daily to make deliveries. No retail sales are made from the home and there are no signs indicating the "rack jobber" operation.
The house and garage are located in a district zoned R-1. In pertinent part Section VII of the zoning ordinance restricts R-1 districts to single family dwellings and accessory buildings, including private garages, and uses customarily incidental thereto. While other uses are permitted under the R-1 designation, such as churches and temples, libraries and museums, parks and play grounds, etc., defendant has not called our attention to, and we are unable to find, any permitted commercial use which could be applicable to his activity. Specifically R-1 uses are limited by the ordinance to "single family residences and such nonresidential uses as are intended primarily to provide service to the adjacent neighborhood."
In connection with his first contention defendant argues that what is meant by the conduct of a business is "buying, selling, advertising and possibly the manufacture of a product" and that no harm has been done by the activity because, from all outward appearances, there is no indication of a business endeavor being carried on at his home. We are not impressed by this argument.
The question presented is not whether the activity complained of actually does any harm to the neighborhood, although here it certainly appears that it does or will, but whether defendant's use of the premises violates the ordinance. And in our opinion the activity complained of is a commercial business which is carried on at the defendant's home in violation of the ordinance. Section XIV-2 of the ordinance states the permitted uses for C-2 General Commercial Districts, Subsection W thereof specifically includes warehouses, and defendant's use of his garage as a warehouse in connection with his "rack jobber" operation quite clearly constitutes a violation of R-1 restrictions.
Defendant's contention relative to prescription is based on LSA-R.S. 9:5625 which, inter alia, reads as follows:
"All actions, civil or criminal, created by statute, ordinance or otherwise, which may be brought by parishes, ... to require enforcement of and compliance with any zoning restriction, building restriction, or subdivision regulation, imposed by any parish, ... and based upon the violation by any person, ... of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; ... provided further that with reference to violations of use regulations all such actions, civil or criminal, must be brought within two years from the date the parish, ... first had knowledge of such violation, ..." LSA-R.S. 9:5625. (Emphasis ours).
As was found in Irland v. Barron, La.App., 230 So.2d 880; Parish of Jefferson v. Bertucci Bros. Const. Co., La. App., 176 So.2d 688, and City of Crowley v. Prejean, La.App., 173 So.2d 832, the *725 statute makes a distinction, as to the time prescription begins to run, between violations of use regulations and other restrictions and regulations. Actions to require enforcement of and compliance with the latter must be brought within two years from the first act constituting the commission of the violation, while actions to require enforcement of and compliance with use regulations must be brought within two years from the date the designated governmental authority first had knowledge of the violation. In the instant case the violation is of a use regulation and the defendant bears the burden of proving knowledge on the part of the parish. Our settled jurisprudence is that one pleading prescription bears the burden of proving his plea.[1]
This suit for injunctive relief was filed on September 29, 1970, well over two years after the violation began in 1967. However, the record is devoid of any evidence showing any parish authority knew of the violation until December of 1969, less than one year prior to the time suit was filed. Insofar as actual knowledge of the violation on the part of the parish is concerned, the record affirmatively establishes the suit was filed within the two-year prescriptive period.
Finally, defendant argues the statutory requirement of knowledge of a use violation on the part of the governmental authority includes constructive as well as actual knowledge. But we find it unnecessary to determine whether constructive knowledge by the parish is included in the knowledge required by the statute; even if the doctrine of constructive knowledge may be used, the facts here cannot support an application of that doctrine.
Several of the defendant's neighbors and former neighbors testified at the trial. With only one exception, they stated they were not aware of defendant's business activities until December of 1969 when he began to increase the size of his garage in order to have more storage space. The one exception appears to have been a close friend of the defendant who visited the latter's home. The evidence as a whole, including that offered by the defendant, establishes that a passing motorist or pedestrian would not know or suspect a commercial activity was being conducted on the premises. The argument made by the defendant in support of his first contention, i. e., from all outward appearances there is no indication of a business endeavor being carried on at his home, is amply supported by the evidence. Under these circumstances, there could be no constructive or imputed knowledge on the part of the parish.[2]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Irland v. Barron, supra.
[2] Irland v. Barron, supra.