AYRES, Judge.
This is an action to enforce, by injunc-tive process, compliance with the provisions of a zoning ordinance. The defendants are Joseph M. Russell, Sr., owner, and C. H. Logan, lessee, of a tract of land where a business is allegedly conducted in violation of the ordinance. The property concerned is zoned “R-A (Residential-Agricultural).” The defendant Logan is charged with engaging in the business of operating a commercial wrecking, dismantling, and automobile salvage yard under the name, prominently displayed, “Logan Auto Parts — New and Used.”
The trial court, after a hearing, found that the defendants were operating the aforesaid business in violation of the ordinance and accordingly enjoined them from thus making further use of the property, and directed the removal of all vehicles and structures which did not conform to the requirements of the ordinance. From the judgment thus rendered and signed, the defendants prosecute this appeal.
The issues presented are almost entirely factual in character. Defendants contend, however, that the aforesaid business had been conducted at its present location for approximately four years prior to the institution of this action on December 11, 1972. Thus, they contend that, by the open and unconcealed operations to the knowledge, active or constructive, of interested parties, including the Metropolitan Planning Commission, over a period exceeding two years, they acquired a right of nonconforming use of the property. It is further contended that Russell had operated a sawmill and lumber yard on the property prior to and at the time of the adoption of the zoning ordinance, and that this nonconforming use of the property had been continuous and never abandoned. Russell, defendant, testified that he operated the sawmill and lumber yard on this land until 1966, when he leased it to C. J. Wimer. Wimer was engaged in the trucking business and made use of the property for that purpose and for the storing of automobiles.
The property involved, fronting on Greenwood Road, a segment of U. S. Highway 80, was not well kept according to the testimony of people living in the vicinity. Grass and weeds were permitted *419 to grow uncontrolled, in which old cars were scattered about as well as behind old buildings. The cars were thus at least partially concealed from public view.
Wimer testified that he had hoped to get into the salvage business. The record discloses, however, that he never did. He obtained no license to operate a salvage yard; nor did he maintain any signs indicating that he had automobile parts for sale, Although, on a very few occasions, he sold some parts off old automobiles, he was never really in the salvage business. He kept no books or lists of parts that were sold. Only two witnesses were produced who testified to having purchased a piece of chrome from a helper and another who testified that he bought some heavy-duty spark plugs. Wimer sold junk cars and one truck for salvage to Logan in June of 1972.
The trial court concluded, from the evidence, that Wimer never conducted a commercial wrecking, dismantling, and auto salvage yard upon the property involved. We find no manifest error in his Honor’s finding of fact in this regard.
Defendants nevertheless contend that the Caddo Parish Police Jury was placed on notice more than two years before this suit was filed that the property was being used as a wrecking yard. Reliance is placed upon the testimony of John Elmo Whitney. However, Whitney, who lived across the road from the subject property, called to complain of noise created by persons working on cars and trucks during all hours of the day and night. Further reliance was placed upon the report by Owen Dixon Adams, a member of the police jury, who resided in that vicinity. His complaints, also, were of noise and not of the character of the business being conducted. Adams’ knowledge, through a complaint made to him that a wrecking or salvage yard was being operated, was some three or four months before trial of the case. Adams testified, moreover, that he had never heard of Wimer until this suit was filed.
The trial court was convinced that Wimer was not engaged in the type of business which was later carried on by Logan. The court also concluded the defendants had failed to prove that the police jury had notice or knowledge of a business similar to that carried on by Logan on this property for a period of two years or more prior to the institution of this action. We find no manifest error in this finding or conclusion.
The requirement of knowledge in the proper governmental authority ’s a necessary element of proof upon one who pleads prescription in actions of this character. Irland v. Barron, 230 So.2d 880, 885 (La.App., 2d Cir., 1970). See, also: Foster v. McLain, 198 So.2d 463 (La.App., 3d Cir., 1967).
Hence, the plea of prescription was, in our opinion, properly overruled.
We find no error in the judgment appealed. Therefore, the judgment is affirmed at defendants-appellants’ costs.
Affirmed.