334 So.2d 197 (1976)
STATE of Louisiana
v.
Adelaide BAUDIER.
No. 57420.
Supreme Court of Louisiana.
June 21, 1976.
Samuel S. Dalton, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Metairie, for plaintiff-respondent.
DENNIS, Justice.
Relator Adelaide Baudier was adjudged guilty in the First Parish Court of Jefferson Parish of violating a parish zoning ordinance and was sentenced to pay a fine of $100.00 and ordered to remove a sign. Her conviction was affirmed on appeal by the Twenty-Fourth Judicial District Court, but the judgment was reversed in part and the case remanded with instructions that a fine of no more than $25.00 could be imposed for the offense. On relator's application this Court granted writs.
Proceedings against relator were instituted by bill of information, executed by an assistant district attorney of the First Parish Court, which, in pertinent part, reads:
"* * * [T]hat one
*198 ADELAIDE BAUDIER
late of the Parish aforesaid, on or about the SEVENTEENTH (17th) day of JULY in the year of Our Lord One Thousand Nine Hundred and SEVENTY-FOUR (1974) with force and arms, in the Parish aforesaid, and within the jurisdiction of the First Parish Court of Louisiana, in and for the Parish aforesaid then and there being did wilfully and unlawfully violate the Jefferson Parish Comprehensive Zoning Ordinance $3813 Section VII sub-section 2, to-wit:
Mrs. Baudier has erected a sign advertising her law practice, located at 3917 Clearview Pkwy., in a R-1 Residential Zoning which is in violation of the aforesaid Ordinance, * * *."
The two sections of the ordinance involved, insofar as pertinent, read:
"SECTION I
"* * *
"34. HOME OCCUPATION:
An accessory use customarily conducted within a dwelling by the resident thereof, which is clearly secondary to the use of the dwelling for living purposes and does not change the character thereof or have any exterior evidence of such secondary use other than a small name plate of note [sic] more than 4" × 12"; and provided that in no case shall more than fifteen percent (15%) of the floor area of any dwelling unit exclusive of any accessory building be used for such home occupation. The office of a physician, surgeon, dentist, or other professional person, who offers skilled services to clients and is not professionally engaged in the purchase or sale of economic goods, including individual musical instrument instruction limited to a single pupil at a time, shall be deemed to be Home Occupations; . . .
"* * *
"SECTION VII
"* * *
"2. PERMITTED USESIn R-1 Districts only the following uses of property shall be permitted:
"* * *
"D. Home Occupations."
On granting writs we limited our consideration to relator's contention that the action to enforce size restrictions of the sign had prescribed by the time this prosecution was initiated.
Relator's allegation of prescription is based upon La.R.S. 9:5625 (A) which provides:
"§ 5625. Violation of zoning restriction, building restriction or subdivision regulation
"A. All actions civil or criminal, created by statute, ordinance or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities or their instrumentalities or by any person, firm or corporation to require enforcement of and compliance with any zoning restriction, building restriction or subdivision regulation, imposed by any parish, municipality or their instrumentalities, and based upon the violation by any person, firm or corporation of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; provided, that where a violation has existed for a period of two years prior to August 1, 1956, except those actions created for the purpose of amortization of non-conforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, the action must be brought within one year from and after August *199 1, 1956, and provided further that with reference to violations of use regulations all such actions, civil or criminal, except those actions created for the purpose of amortization of non-conforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought within two years from the date the parish, municipality and their properly authorized instrumentality or agency if such agency has been designated, first had been actually notified in writing of such violation. Except as relates to non-conforming signs and billboards, any prescription heretofore accrued by the passage of two years shall not be interrupted, disturbed or lost by operation of the provisions of this section."
The statute draws a distinction as to the time prescription begins to run, between violations of use regulations and other restrictions and regulations. Actions to require enforcement of and compliance with the latter must be brought within two years from the first act constituting the commission of the violation, while actions to require enforcement of and compliance with use regulations must be brought within two years from the date the designated governmental authority first had knowledge of the violation. E.g., Parish of Jefferson v. Groetsch, 256 So.2d 722 (La.App. 4th Cir. 1972); Irland v. Barron, 230 So.2d 880 (La.App.2d Cir. 1970). In 1972 the statute was amended to provide that with reference to violations of use regulations such actions must be brought within two years from the date the governing authority first had actually been notified in writing of such violation. Acts 1972, No. 54, § 1.
The material evidence in the case is not in dispute. The relator is an attorney at law and uses part of her home as a law office. On December 30, 1972 she erected a sign on her front lawn measuring 16 inches by 23 inches which read: "Law Office, Adelaide Baudier, Notary in office." The sign remained in place and unchanged from this date through the date of the trial. During this time relator also continued to use her house as both her residence and her professional office.
Since the bill of information commencing this criminal action was not filed until January 9, 1975, more than two years after the erection of the sign, the determinative issue is whether its presence constituted a violation of a use regulation. The State contends that because the sign advertising her occupation is larger than allowed by the ordinance that her property does not meet the definition of a "Home Occupation." Consequently, it is argued, she bears the burden of proving that the governing authority received written notice of her nonconforming use of the property more than two years before the suit was filed.
We do not believe the redactors of either the ordinance or the statute at issue here intended for the character of use of a dwelling to depend upon the size of a sign placed on its lawn. The ordinance expressly states that an "Office of a. . . professional person . . . shall be deemed to be [a] Home Occupation[s] * * *," which is a permitted use of the property in question. Certainly the parish has an interest in and may regulate the size of signs placed on houses used for such home occupations. However, the placement of an improper sign on otherwise permissibly used property cannot reasonably be construed to change the character of that use. Accordingly, we find that the erection of the oversized sign by the relator was not a use violation but merely a violation of a restriction on signs. Therefore, under La.R.S. 9:5625 the parish had two years from the erection of the sign within which to bring an action for enforcement of the restriction, and it could not reckon the prescriptive period from receipt of written notice of the violation.
The relator's motion to dismiss based on prescription of this action should have been sustained. Accordingly, the conviction and judgment against her are reversed.
REVERSED.