442 So.2d 831 (1983)
CITY OF NEW ORLEANS
v.
CENTURY MANAGEMENT, INC., d/b/a Marie Antoinette Hotel and Dauphine Toulouse Investment Company, Inc.
No. CA 0797.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Salvador Anzelmo, Caryl H. Vesy, New Orleans, for plaintiff-appellant.
Henry L. Klein, P.C., New Orleans, for defendants-appellees.
Before REDMANN, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
On April 6, 1981, the City of New Orleans brought suit to enjoin defendants from operating the premises located at 618-20 Dauphine Street as a hotel. Defendants, the developers and managers of the Dauphine Street property, filed an exception to the City's petition, arguing that the action had prescribed pursuant to the two year prescriptive period of La.R.S. 9:5625. The trial court maintained the exception of prescription and dismissed the City's suit. The City has appealed. We reverse.
In 1975, the owners of the Marie Antoinette Hotel, 827 Toulouse Street, conceived *832 of an idea to construct a passageway through a wall separating the hotel and the courtyard of the property at 618-20 Dauphine Street. The Dauphine Street property contained a two-story building which housed eight apartments. Defendants intended to renovate the eight apartments and represented to the City that the passageway would provide easy access for the apartment tenants to utilize the hotel's public facilities.
Recognizing the need for City approval of the proposed development, a series of communications began between the City and the project architects. Under the comprehensive zoning ordinances for the City of New Orleans, Ordinance 4264 M.C.S., 618-20 Dauphine is in a Zone VCR-1 (Vieux Carre Residential) and its use is governed by Article V, Section 21.2 of the ordinance. Use of the property as a hotel is not permitted. The City, therefore, requested and received numerous assurances from the architects that the renovation of the Dauphine Street property was to facilitate continued use as apartments and not use as a hotel.
The City ultimately granted approval for the project. The developers secured the required permits and construction began.
In September, 1977, the director of the Vieux Carre Commission questioned the intended use of the Dauphine Street Property and the City issued a stop work order. After being reassured that the Dauphine Street property would continue to be operated as apartments and not as a hotel, the City rescinded the stop work order. Construction resumed and in late 1977 defendants began renting the eight units.
The City's petition, filed April 6, 1981, alleges that in November, 1979, defendants began operating 618-20 Dauphine Street, not as apartments, but as a hotel in violation of the zoning laws.
In answer to the City's petition, defendants pleaded that the action had prescribed. After a hearing was held on the plea of prescription, the trial judge maintained the exception.
Defendants-exceptors bear the burden of proving their plea of prescription. Parish of Jefferson v. Groetsch, 256 So.2d 722 (La.App. 4th Cir.1972); Irland v. Barron, 230 So.2d 880 (La.App. 2d Cir. 1970). La.R.S. 9:5625 draws a distinction as to the time prescription begins to run between violations of use regulations and violations of other restrictions and regulations. Actions concerning use regulations must be brought within two years from the date the designated governmental authority first had knowledge of the violation. State v. Baudier, 334 So.2d 197 (La.1976); Parish of Jefferson v. Groetsch, supra; Irland v. Barron, supra. The City's petition alleges violation of a use restriction, and, therefore, the requirement of knowledge in the proper governmental authority is a necessary element of the proof of defendants who are pleading prescription under the statute. Irland v. Barron, supra.
Defendants present two arguments in support of their plea of prescription. Both arguments are premised on the defendants' allegation that the operation of the Dauphine Street property has not changed since they began operating it in 1977. Defendants' first argument is that from 1977 until the present, they have continuously operated 618-20 Dauphine Street as apartments, not as a hotel, and, thus, have not violated any zoning laws. Defendants' second argument is that the City had knowledge of defendants' operation more than two years prior to the filing of the petition and therefore, the action has prescribed under the provisions of La.R.S. 9:5625.
Defendants' first argument, that there has been no violation, will not support their plea of prescription. Prescription does not begin to run until the City has knowledge of the use violation. If there has been no violation, there can be no knowledge of a violation, and prescription cannot begin to run. The issue of whether there has been a violation must be determined on the merits.
*833 Defendants' second argument could support the plea if its elements are proven. That is, if defendants prove continuous, unchanging use, and, that the City had knowledge of how defendants were using 618-20 Dauphine Street more than two years prior to filing the petition, the action is prescribed, regardless of how defendants used the property. Defendants presented evidence of the City's knowledge of the defendants' plans, and fulfillment of those plans, to renovate the Dauphine Street apartments and to construct the passageway from the hotel to the courtyard of the apartments, to give the apartment tenants easy access to the hotel's public facilities. Defendants further presented evidence that in December, 1977, shortly after tenants began occupying 618-20 Dauphine Street, the City inspected the premises for the purposes of approving the construction of a fence on the Dauphine Street property.
The evidence produced also presented the City's continuing concern, during the renovations, that 618-20 Dauphine Street would be used as apartments and not as a hotel.
The evidence presented a pattern of communication between defendants and the City during construction. During this time defendants continually assured the City that their intention was to use 618-20 Dauphine Street as apartments. There is no evidence to indicate that the City had any knowledge of how defendants actually used the property following the 1977 occupancy date. Without evidence that the City had knowledge as to how defendants were using 618-20 Dauphine Street, the defendants did not carry their burden of proof on the plea of prescription.
Because there is no evidence in the record to indicate that the City had knowledge of the alleged violation of a use restriction at 618-20 Dauphine Street, more than two years prior to the filing of this suit, we must conclude that the trial judge erred in maintaining the exception of prescription. Accordingly, the judgment of the trial court is reversed, the exception of prescription is overruled and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED, EXCEPTION OF PRESCRIPTION OVERRULED, AND REMANDED.