WATKINS, Judge.
Appellant, Pam Masters d/b/a Masters Seafood, appeals the dismissal of a motion to dissolve a preliminary injunction issued against her. The preliminary injunction was issued on September 10, 1986, after the trial court determined that the defendant was operating two seafood businesses in St. Tammany Parish in violation of zoning ordinance #523, Section 2.101. The preliminary injunction ordered the defendant, within 20 days, to comply with the ordinance which requires a commercial use permit for all commercial enterprises within the rural district and if the permits were not timely acquired, defendant had 10 days within which to remove her truck and materials from the subject properties.
On appeal the defendant alleges that the trial court erred in not maintaining her plea of prescription based upon LSA-R.S. 9:5625 *113 and in classifying the alleged ordinance violation as a “use” violation.
LSA-R.S. 9:5625, in pertinent part, reads as follows:
A. All actions civil or criminal, created by statute, ordinance or otherwise, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, which may be brought by parishes, municipalities or their instrumentalities or by any person, firm or corporation to require enforcement of and compliance with any zoning restriction, building restriction or subdivision regulation, imposed by any parish, municipality or their instrumentalities, and based upon the violation by any person, firm or corporation of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation; provided, that where a violation has existed for a period of two years prior to August 1, 1956, except those actions created for the purpose of amortization of nonconforming signs and billboards enacted in conformity with the provisions of R.S. 33:4722, the action must be brought within one year from and after August 1,1956, and provided further that with reference to violations of use regulations all such actions, civil or criminal, except those actions created for the purpose of amortization of nonconforming signs and billboards in conformity with the provisions of R.S. 33:4722, must be brought within two years from the date the parish, municipality and their properly authorized instrumentality or agency if such agency has been designated, first had been actually notified in writing of such violation. Except as relates to nonconforming signs and billboards, any prescription heretofore accrued by the passage of two years shall not be interrupted, disturbed or lost by operation of the provisions of this section. (Emphasis added.)
St. Tammany Parish Land Use Ordinance #523, Section 2.101 reads as follows:
2.101 Permitted Uses
1. Any use which does not create a nuisance by way of objectionable noise, glare, odor, or air pollution....
2. All Commercial, industrial, religious, institutional, uses and multi-family or condominium uses of three units or more, require review and approval by the Planning Advisory Board before issuance of a permit[.] Applicants for such permits must submit to the Planning Advisory Board plans meeting the following criteria.
a. Use does not create a hazard to health and safety of the adjacent residents.
b. Noise, glare and unsightliness when present are screened by solid fences or walls six feet high or plants, which will grow to this minimum height.
c. Minimum Yard Requirements Front yard: Front building lines shall conform to the average building lines established in a developed block; in all cases, this front building line shall be setback a minimum of fifty feet (50') from the street line.
Side yard: There shall be two side yards, one on either side of the principal building, each having a minimum width of ten feet (10').
Rear yards: There shall be a rear yard having a depth of not less than twenty percent (20%) of the depth of the lot, or not less than fifty feet (50') when the lot depth is in excess of 250 feet.
d. Roadway exits and entrances are located for clear sight distance and safe access to public roadways.
e. Major drainage channels are designed with sufficient culverts and rights-of-way to provide for natural water flow and maintenance of drainage.
f. Disposal of waste and sewerage has been approved by the property (sic) local authorities.
g. There be no more than one permit and one use requested for a building to be constructed on a lot or lots of record.
*114 h. Meets the requirements of the Subdivision Ordinance.
i. The applicant will adequately have completed the Parish Environmental Assessment Data Form (EDA) for all proposed industrial uses at the time of permit application.
j. An accurate drainage plan certified by a licensed engineer shall be required as part of the application procedure prior to the issuance of a building permit for the following conditions: (1) all commercial and industrial uses which locate on lots or parcels larger than 1 acre (2) all multi-family uses of 12 units or more and (3) duplex developments on lots or parcels of five (5) acres or more. (Ord. P.J. Series # 85-303).
St. Tammany Parish Land Use Ordinance # 523 — Definitions.
Use, permitted. A “permitted use” is a use which may be lawfully established in a particular district or districts, provided it conforms with all requirements, regulations and performance standards (if any) of such district.
Based on the language in LSA-R.S. 9:5625 and St. Tammany Parish Land Use Ordinance # 523, Section 2.101, we find no error in the trial court’s conclusion that the alleged violation is a “use” violation and we further find that the Parish timely instituted this action against the defendant for said violation. We quote with approval the following portion of the trial court’s reasons for judgment.
The basis for defendant’s motion is that the Parish’s cause of action for an injunction prescribed prior to its being filed on March 16, 1986. According to LSA-R.S. 9:5625, a claim to enforce a zoning violation must be brought within two years from the first act constituting the commission of the violation. However, if the violation in question is a violation of use regulations, the action must be brought within two years from the date the parish, municipality or their properly authorized instrumentality or agency first had been notified in writing of such a violation.
Although there is some dispute as to the dates involved in the instant case, the Court finds that the defendant began her business no later than sometime in the later half of 1983 and that the Parish did not become aware of the business until sometime in March, 1985. Therefore, the question is whether defendant’s violation should be classified a “use” violation or not. If it is not a “use” violation, then the Parish’s action clearly prescribed, since there was approximately two and one/half years between the first act constituting the violation and the Parish’s suit. If, however, defendant’s violation is a “use” violation, then the action has just as clearly not prescribed because the suit was filed within one year of the Parish being put on notice of the violation.
Defendant has argued that the permitted uses in a R-l Rural zone consist of “any use which does not create a nuisance by way of objectionable noise, glare, odor, or air pollution”. Since any use is permitted, she claims that her failure to obtain the necessary permits from the Parish did not constitute a “use” violation but only a failure to comply with procedure. However, the Court notes that Section 2.101(2) of the parish zoning ordinance requires that all commercial, industrial, religious or institutional uses obtain the approval of the Planning Advisory Board and the necessary permits. The Court interprets such approval and permits as an indispensable prerequisite to any permitted [commercial] use of the property. Thus, without the necessary approval and permits, a commercial use does not constitute a permitted use. The Court finds the case of State v. Baudier, 334 So.2d 197 (La. 1976), clearly distinguishable from the instant circumstance in that it dealt to no degree with a “use” but rather with an oversized sign. Therefore, the Court concludes that defendant’s violation is in fact a “use” violation and that the Parish’s action did not prescribe.
The trial court further found that the application and issuance of an occupational license and the collection of sales tax from *115 the defendant by the St. Tammany Parish Sheriffs office did not constitute notification sufficient to impute knowledge of the alleged violation to the Parish under LSA-R.S. 9:5625. The defendant disputes this finding of the trial court alleging that the application and issuance of the occupational license and the collection of sales taxes constituted actual written notice to the Parish of the alleged violation two years before suit was filed. We are unable to review this issue as the designated record on appeal contains no evidence pertaining to this issue. Accordingly, we affirm the trial court judgment.
The trial court judgment is affirmed in all respects. All costs to be borne by appellant, Pam Masters.
AFFIRMED.